## FINN & Co. v. ROSE *et ux.*

1. DEPUTY MAY ADMINISTER OATHS. The deputy of the clerk of the District Court has power to administer oaths; and it is not necessary to his authority to show the inability or absence of the principal.

2. SAME: JURAT: SEAL. It is not necessary that the signature of a clerk or his deputy to the jurat appended to a pleading should be authenticated by his official seal.

3. SAME: APPROVAL OF BOND. The deputy clerk may approve an attachment bond and issue the writ.

4. LIABILITY OF WIFE. *Held*, that an action is maintainable against the husband and wife for cooking utensils bought for, and used for the family. Section 1455, Code of 1851; *Rodemeyer* v. *Rodman*, 5 Iowa 426.

*Appeal from Winneshiek District Court.*

FRIDAY, JANUARY 3, 1862.

FOR the facts, see the opinion of the court.

*S. A. & C. C. Tupper* for the appellants.

1. A deputy clerk·has no authority to administer an oath. A principal may act by his deputy, but it must be expressly stated as the act of the deputy. Code of 1851, § 979; *Abrams* v. *Irvine*, 9 Iowa 90; 3 Kent. (8th ed.) 572. 2. No seal was attached to the jurat of the petition. When an affidavit is sworn to before an officer whose acts are authenticated by a seal, it must be affixed to the *jurat*. *Tunis* v. *Withrow*, 10 Iowa. The bond was invalid because it was approved by the deputy clerk. Code of 1851, §§ 1853, 1856; *Abrams* v. *Irvine*, 9 Iowa 90. 4. The court erred in overruling the demurrer of the defendant, Sarah E. Rose. Code of 1851, §§ 1454 and 1555; *Rodemeyer* v. *Rodman*, 5 Iowa 428; 12 How. Pr. 336; 1 Pars. Cont. 288 note *e*; 2 Kent (8th ed.) 129; Reeves Dom. Rel. 81.

*E. E. Cooley* for the appellee.

WRIGHT, J.—The deputy of the clerk of the District Court has power to administer oaths. *Wood* v. *Bailey, ante* p. 46. And it is not necessary that the absence or inability of the principal should be stated. The District Court knows its own clerk and his deputy, and it is not necessary

that his signature to a jurat (accompanying a petition for an attachment,) should be authenticated by his official seal. The deputy may approve the bond for an attachment, and issue the writ. Code 1851, § 412.

The petition in this case charges that plaintiffs sold to Rose, the husband, one cook-stove and fixtures, tea cups, &c.; that said goods were purchased by the husband for the use of the family; that the same were so used and that the expense thereof was a family expense. The husband and wife were sued, and she demurred to the petition, which was overruled. The point made is that the contract did not relate to her separate property, nor to the expense of the family, within the meaning of § 1455 of the Code. This section reads thus: "The expenses of the family, the education of the children, and such other obligations as come within the equity of this provision, are chargeable upon the property of both husband and wife or either of them, and in relation thereto they may be sued jointly, or the husband separately." Under this section we think the action was maintainable. And see *Rodemeyer* v. *Rodman*, 5 Iowa 426. The articles mentioned come properly under the head of "family expenses." A cook-stove and fixtures, when purchased for that use and used in the house, as properly come within the meaning of the statute as clothing, food, or medicine.

Affirmed.