Smedley v. Felt.

REVERSED.

## SMEDLEY v. FELT.

1. **Husband and Wife:** FAMILY EXPENDITURE: PROPERTY OF WIFE. The separate property of the wife is liable for the price agreed to be paid for a piano for the use of the family.

2. ———: ———: SALE TO HUSBAND. One who sells an article of family use to the husband, upon his individual credit, may maintain an action against the wife to subject her separate property to payment for it.

*Appeal from Black Hawk District Court.*

WEDNESDAY, DECEMBER 8..

The petition alleges that on the 28th of March, 1873, the defendant and her husband purchased of plaintiff a piano and spread, and paid at the purchase $150 cash, leaving due plaintiff, as part of the price agreed upon between him and the defendant, E. E. Felt, the sum of $239.80, for which sum E. E. Felt executed his promissory note payable in one year, with interest at the rate of ten per cent, which note was taken as evidence of the indebtedness and not as payment.

That defendant and E. E. Felt were husband and wife living together as such, and, with a child of defendant, constituted a family, and said piano was purchased for the use of said family, and was so used, and the expense thereof was a family expense and properly chargeable upon the property of both. That nothing but time is wanting to fix an absolute indebtedness, and defendant is about to dispose of her property with intent to defraud her creditors. The petition prays an attachment and judgment for $239.80, with interest at ten per cent.

The answer of defendant admits that E. E. Felt purchased the piano, and delivered his note as set out in the petition, and that she and her husband lived together at the time of the purchase, and that the piano was used in their family.

She avers that she had no knowledge that the note was made nor that the piano was purchased on credit, until long after it had been purchased and delivered.

She denies that she had any part in the purchase or that plaintiff gave credit to her, and avers that it was purchased by her husband on his individual credit, and transferred to defendant in payment for another piano, which defendant had theretofore owned, and which her husband had sold.

The plaintiff demurred to this answer. The demurrer was sustained and, the defendant electing to stand upon her answer, the court rendered judgment for the amount of the note and interest at ten per cent. The defendant appeals.

*Boies, Allen & Couch,* for appellant.

*Ordway & Husted,* for appellee.

Day, J.—The appellant submits for our consideration, as embraced in the record, two questions, to-wit:

"1st. Is a piano such a family expense as is contemplated by section 2507, Revision of 1860, and 2214, Code of 1873. 2nd. Can a party who does in fact sell an article, within the contemplation of these sections, to the husband, upon his individual credit, and receives his note therefor, afterwards maintain an action against the wife."

1. HUSBAND AND WIFE: family expenditure.

I. The section referred to is as follows:

"The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately."

The statute does not limit the liability of the property of the wife to expenditures for necessary family expenses. The language of the statute is general. It applies to the expenses of the family without limitation or qualification as to kind or amount. Whether it was wise for the legislature to so extend the liability of the wife is a question with which we have nothing to do. It may be that the legislature intended to avoid the question, which otherwise would have been constantly recurring, and which always would have been of difficult solution as to whether or not a particular expense, in view of the circumstances of the case, was a necessary one. What is a necessary depends very much upon the wealth, habits, and social position of a party. What is a family expense depends upon none of these conditions. If the courts should undertake to classify family expenses into those which are, and those which are not a charge upon the property of both husband and wife, they would soon find themselves involved in an intricate and uncertain maze.

In *Finn & Co. v. Rose*, 12 Iowa, 565, it was decided that "a cook-stove and fixtures, when purchased for that use and used at the house, as properly come within the meaning of the statute as clothing, fuel or medicine."

If a cook-stove comes within the meaning of the statute so must also wardrobes, bureaus, bedsteads and the like. And it will be found impossible to exclude, upon any well defined legal principle, a knitting and a sewing machine. The latter are useful and convenient, and they minister largely to physical comfort in facilitating the discharge of household duties, yet they cannot properly be termed as necessaries. And if these, which enhance domestic comfort by facilitating physical enjoyment, are admitted, upon what principle shall a musical instrument, which increases the social enjoyment in a different manner but in a larger degree, be excluded?

Smedley v. Felt.

The only criterion which the statute furnishes is, was the expenditure a family expense, was it incurred for, on account of, and to be used in the family. The answer admits that the piano in question was purchased for use in the family. We think it comes within the provisions of the statute, and that it is chargeable upon the property of the wife.

II. The only remaining question is: Can a party, who does in fact sell an article within the contemplation of these sections, to the husband, upon his individual credit, and receives his note therefor, afterwards maintain an action against the wife?

2. ——: ——:
sale to husband.

The vendor may be ignorant of the manner in which the property of the parties is held, and may suppose that the husband has enough property to meet the obligation, and he may mentally extend credit to the husband upon his supposed responsibility. Yet if he should do so, and it should afterward be ascertained that all the property was held by the wife, she should not escape liability to the extent of her property for contracts of which she and her family have derived the benefit. If the vendor should enter into an agreement at the time of the sale to look to the property of the husband alone, a different question would be presented. But merely extending credit to the husband does not amount to such agreement.

That the husband may make the contract, without using the name of his wife, and may give his individual note, for the discharge of which the property of the wife will be liable, see *Lawrence v. Sinnamon*, 24 Iowa, 80.

The judgment is

AFFIRMED.