## McTIGHE v. BRINGOLF ET AL.

42    455
141    509

1. **Husband and Wife**: JOINT PROPERTY. Where property has been purchased with the joint funds of the husband and wife and is afterwards seized upon execution levied to satisfy a judgment against the husband alone, the wife may protect her interest in such property by notifying the officer of the existence of her claim thereto. Her remedy is not by injunction.

*Appeal from Polk District Court.*

THURSDAY, MARCH 23.

THE plaintiff, Bridget McTighe, avers that she is the owner of the middle one-third and the south one-third of lot No. 2,

in block No. 36, in the city of Des Moines, and also 160 acres of land (describing it) in Polk county; that defendant, as sheriff of Polk county, has levied an execution upon said property issued upon a judgment against her husband, Michael McTighe, and has advertised the said property for sale. She prays for an injunction restraining the sale. A temporary injunction was granted, and afterward, upon the hearing, the injunction was made perpetual as to the middle third of said lot No. 2, but dissolved as to the balance of the property.

The judgment creditor, John Sweeny, was allowed to appear and defend; but, as he died before the trial, his administrator, F. M. Hubbell, was substituted. Plaintiff appeals.

*Finch & Sickmon*, for appellant.

A wife may purchase and hold real estate in her own right, under the statutes of the State. (*Rodemeyer v. Rodman*, 5 Iowa, 426; *How v. Mason*, 14 Id., 510; *Jones v. Crossthwait*, 17 Id., 393; *Patton v. Kinsman*, 17 Id., 428.) If a house be constructed by the husband upon the land of the wife, the land is not liable for the husband's debts. (*Corning v. Fowler*, 24 Iowa, 584.) The wife may hold and enjoy her separate property and receive and invest the rents thereof without subjecting it to her husband's debts. (*Mitchell & Sons v. Sawyer*, 21 Iowa, 582; *Blake v. Blake*, 7 Id., 64; *Suiter v. Turner*, 10 Id., 517.) Before the property of the wife can in any event be subjected to the husband's debts, it must be shown that he had no property subject to execution. (*Verplanck v. Steny*, 12 Johns., 536; *Jackson v. Stewart*, 4 Cow., 599.) Fraud must always be proven: it will never be presumed. (*Hamilton v. Bishop*, 22 Iowa, 211; *Oaks v. Hanson*, 24 Id., 179.) Not only must it be shown that the grantor, but also that the grantee, acted fraudulently, to invalidate the conveyance. (*Miller v. Bryan*, 3 Iowa, 58; *Adams v. Foley*, 4 Id., 54; *Fifield v. Gorton*, 12 Id., 218; *Drummond v. Couse*, 39 Id., 442.) In attachment cases, where an order dissolving an attachment is appealed from without unreasonable

delay, and a *supersedeas* bond is filed, the decision is suspended, and upon reversal the property is held by the writ. (*Danforth et al. v. Carter & May*, 4 Iowa, 430.)

*E. J. Goode*, for appellees.

ADAMS, J.—The evidence shows that the middle one-third of said lot No. 2 was conveyed to the plaintiff by one Campbell. As the consideration of such conveyance, according to her testimony, she joined in the sale and conveyance of her homestead. Without stopping to analyze all the testimony in regard to the conveyance to her of said middle third of lot No. 2, we are inclined to think that her title to it must be regarded as valid, and that the court below was justified in making the injunction, restraining the sale of it, perpetual.

After the plaintiff acquired said middle one-third of lot No. 2, she caused a house to be erected on it, and paid for the house with her earnings. She then occupied it as a boarding house, and conducted the business herself, her husband being an invalid most of the time, and rendering but little, if any, assistance. In the meantime she purchased the south one-third of said lot 2, and paid for it with money which she borrowed. How, if at all, she repaid the borrowed money, does not distinctly appear, but we think the evidence tends to show that she repaid it with the profits from the boarding house. The 160 acres of land she certainly paid for in that way.

We have, then, a case where a married woman owns a boarding house, or, at least, the lot on which it stands. With the profits of the boarding house, which is kept by herself, she purchases other real estate. These profits, as it will be seen, are the joint result of her earnings and the income, or use, of her property. Her earnings, or property purchased therewith, might be reached, as the law then stood, by her husband's creditors. *Duncan v. Roselle*, 15 Iowa, 502.

The income of the wife's property, however, was not thus liable. Sec. 2505 of the Revision.

The property in question, then, was purchased partly with

the funds of the husband, although they are the wife's earnings, being the income of her property. We must regard it, therefore, as owned jointly by the husband and wife, the interest of each being in proportion to the funds respectively furnished.

Sec. 3287 of the Revision provides as follows: " Whenever a sheriff or other officer shall levy an execution upon the property or effects held jointly or in partnership by the debtor or debtors in execution, with others, to satisfy the separate debt of such debtor or debtors, the sheriff or other officer shall not proceed to make sale thereof, except as hereinafter provided, if the person or persons, or any of them holding such joint or partnership interest with the debtor, shall assert an equitable or other claim thereto, and in writing notify the officer of the existence of such claim."

The plaintiff's remedy, we think, was under said section and the sections which follow. She did not need an injunction to protect whatever interest she had in said property, and she was certainly not entitled to an injunction to restrain a sale of the interest which was owned by her husband.

AFFIRMED.