McCormick v. Muth.

---

## McCormick v. Muth et ux.

1. **Husband and Wife:** FAMILY EXPENSES. The purchase of a reaping machine, notwithstanding its use may assist the husband in the support of his family, does not constitute a family expense, chargeable, under the statute, upon the separate property of the wife.

*Appeal from Plymouth District Court.*

TUESDAY, DECEMBER 3.

THE defendants are husband and wife, and this action is brought on a promissory note executed by John Muth. A judgment is asked against him for the amount of the note, and also that it be made a charge on the separate property of his wife. The defendant Louisa Muth demurred to the petition, which being sustained, the plaintiffs appeal.

*Struble Bros.*, for appellants.

*Chas. J. C. Ball*, for appellees.

McCormick v. Muth.

SEEVERS, J.—Motions were made by the defendants to strike out certain portions of the petition, and interrogatories annexed thereto, and also the verification of the petition. The action of the court on these motions is assigned as error, but we regard them as wholly immaterial, in view of the result reached on the main point in the case.

*1. HUSBAND and wife: family expense.*

The defendant John Muth is a farmer, and makes his living and supports his family by such occupation. The note on which the action is brought was given for a reaping machine, which was used on the farm, and its use enabled said defendant the more readily to support his family, and, therefore, it is claimed such machine became and was a family expense, for which the separate property of the defendant Louisa is chargeable. This is the sole question we are required to determine.

It is stated in the petition that the defendant John Muth had transferred his property to his wife, with intent to defraud, hinder and delay his creditors, and relief was asked on this ground; but this was abandoned before the demurrer was filed, which raises the single question above stated.

The Code, § 2214, provides that "the expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued, jointly or separately."

Whatever is necessary and proper for the education of the children and expenses of the family is chargeable on the property of both husband and wife; but the expenses of a family are something quite different from whatever may contribute either remotely or directly to the support of the family.

The merchant purchases goods on credit, and by selling them at a profit supports his family; or a farmer purchases cattle on credit, and by selling them at a profit contributes materially to the comfort and support of his family. But the

indebtedness so contracted does not, we think, become a family expense; and so with a reaping machine.

In *Finn & Co. v. Rose*, 12 Iowa, 565, a cooking stove purchased for and used by the family was held to be a family expense.

But suppose the stove had been purchased for and used by the family of a tenant, could it be said to be a family expense? We think not, and yet the labor of the tenant and his family contribute to the support of the family of the landlord.

In *Smedley v. Felt*, 41 Iowa, 588, a piano purchased for and used by the family was held to be a family expense. This case follows the previous one. No new or enlarged rule is thereby established.

It is difficult to lay down a general rule or accurately define what will constitute a family expense, but we are satisfied that, ordinarily, a reaping machine will not.

AFFIRMED.