## FARRAR & WHEELER v. EMERY.

HUSBAND AND WIFE: FAMILY EXPENSES.

*Appeal from Dallas Circuit Court*

MONDAY, OCTOBER 27.

ACTION at law, judgment against plaintiffs upon a demurrer to their petition. They now appeal to this court. The facts of the case are fully stated in the opinion.

*White & Woodin*, for appellant.

No appearance for appellee.

BECK, CH. J.—The petition alleges that James Emery executed a promissory note to plaintiffs, which is set out in the petition; that at the time of the execution of the note defendant Emery, was the wife of James Emery, who has since died; that the note was given for a sewing machine purchased by her husband for the use of the family and was so used, and that the purchase of the machine was a proper family expense. The petition asks a personal judgment against the wife, who is the sole defendant.

The defendant demurred to the petition on the ground that defendant was not personally liable, and no personal judgment can be rendered against her upon the claim set out in the petition. The demurrer was sustained.

The demurrer admits that the purchase of the sewing machine was a family expense. The sole question presented in the case involves the personal liability of defendant for the debt, and the right of defendant to recover against her in this action. The precise question has been determined by us. See *Smedley v. Felt*, 41 Iowa, 588; *Smedley v. Felt*, 43 Iowa, 607.

We held in these cases that for a debt incurred for family expenses the wife was personally liable, and may be sued thereon alone. This must be regarded as the settled doctrine of the court.

The demurrer was erroniously sustained; the judgment is, therefore,

REVERSED.