## MARQUARDT V. FLAUGHER.

1. **Husband and Wife**: FAMILY EXPENSES: ARTICLES CONSTITUTING: LIABILITY OF WIFE. A lady's gold watch and chain, a ring and other small articles of jewelry, purchased by the husband and used by members of his family, are articles of family expense, under the doctrine of *Smedley v. Felt*, 41 Iowa, 588, for which the wife is liable with the husband. But when the husband gives his individual note drawing ten per cent interest, in settlement for such items, the wife is not bound thereby to pay interest on the original amount at a rate greater than six per cent., and a judgment rendered against her for the amount should not draw interest at a greater rate than six per cent.

*Appeal from Iowa District Court.*

FRIDAY, DECEMBER 8.

IN 1872 the plaintiff sold to J. R. Flaugher one lady's gold watch and chain for $96.65, one ring for $6.00, and other small articles of jewelry, amounting in all to $107.65. On the 15th day of July, 1872, J. R. Flaugher executed his note to plaintiff, on account of said articles, for $107.65, payable in sixty days, with interest at ten per cent. The plaintiff alleges that J. R. Flaugher and the defendant, Martha E. Flaugher, are husband and wife, and that the articles in question were for the use, and a part of the expenses, of the defendants as a family. Judgment is asked against both defendants for the amount of the indebtedness. J. R. Flaugher made default. The defendant, Martha E. Flaugher, answered, denying that the watch and chain were a family expense, and alleging that they were purchased by her husband and presented to her, and that they were exclusively used by her. The court

found for the plaintiff against both defendants for $152.61, with interest at ten per cent. The defendant, Martha E. Flaugher, appeals.

*E. E. Alverson*, for appellant.

*Rumple & Lake*, for appellee.

DAY, J.—I. The evidence shows that the watch and chain were purchased by J. R. Flaugher and presented to his wife, the appellant, and that they have been used by her, and occasionally by her daughter. The evidence further shows that the other articles of jewelry were used in the defendant's family, with the exception of one ring, of the value of three dollars. It further appears that the defendant did not know that the articles were not paid for, until within about one year of the time suit was commenced. The articles in question constitute a family expense, under the doctrine of *Smedly v. Felt*, 41 Iowa, 588. The court did not err in rendering judgment against the appellant therefor.

II. It is insisted that the court erred in rendering judgment against appellant for ten per cent interest, inasmuch as she is not a party to the note. From the amount of the judgment it is apparent that the interest up to the time of the rendition of the judgment was computed at six per cent. The judgment itself, however, draws interest at ten per cent. It is conceded by appellee that this is a mistake. If the attention of the court below had been called to this condition of the record, doubtless it would have been corrected, and the necessity for an appeal on this ground would have been obviated. The judgment will be modified so as to draw six per cent interest. The appellant will pay the costs of appeal.

MODIFIED AND AFFIRMED.