## SCHRADER V. HOOVER.

1. **Husband and Wife:** LIABILITY FOR FAMILY EXPENSES: PLEADING AND PROOF: INSTRUCTIONS. Where a husband calls a physician to the bedside of his sick wife to consult with the physician in regular attendance, the charge therefor is a family expense, for which both husband and wife are liable under section 2214 of the Code; and though the petition herein alleged that it was a "necessary family expense" that allegation was surplusage so far as the necessity of the services was concerned, and an instruction requiring plaintiff to prove the unnecessary averment was erroneous. (See citations in opinion.)

2. **Appeal:** COSTS OF USELESS PRINTING. Where defects in the appellant's abstract are the cause of otherwise unnecessary printing in additional abstracts and arguments, the costs of such unnecessary printing will be taxed to appellant, though he is successful in his appeal.

*Appeal from Council Bluffs Superior Court.* —Hon.
E. E. Aylesworth, Judge.

Filed, May 23, 1890.

Action to recover for medical services rendered by
the plaintiff to the defendant. There was a trial by
jury, and verdict and judgment for defendant. Plain-
tiff appeals.

*Flickinger Bros.*, for appellant.

*F. Benjamin*, for appellee.

Rothrock, C. J.—I.   At the time the alleged med-
ical services were rendered, the defendant was the wife
of David Hoover, and it is claimed by the
plaintiff that the services were a necessary
family expense, and chargeable to both the
defendant and her husband, and that they
are jointly and severally liable therefor.
The defendant answered the petition by a general denial.
The evidence shows that the plaintiff is a physician and
surgeon who resides at Iowa City in this state; and
that the defendant, who resides at Walnut in this state,
was sick; and that David Hoover, the defendant's hus-
band, on or about the twenty-third day of October, 1884,
sent a telegram to the plaintiff to go to Walnut and
treat the defendant professionally; that he made the
journey, and consulted with the local attending physi-
cian at the bedside of defendant, and afterwards had
numerous consultations by letter with the local physi-
cian.

It is provided by section 2214 of the Code that "the
expense of the family and the education of the chil-
dren are chargeable upon the property of both husband
and wife, or either of them, and in relation thereto they
may be sued jointly or separately." The court instructed
the jury as follows: "3.   The burden of proof is upon

*(margin note: 1. Husband and wife: liability for family expenses: pleading and proof: instructions.)*

the plaintiff to establish the allegations of his petition by a preponderance of the evidence. If you find from the evidence that the plaintiff rendered medical services to defendant at the request of defendant or her husband, and that the defendant's condition was such that it was necessary and proper for her to have such attendance and services, then, in that case, the husband and wife both would be liable to plaintiff jointly and severally, that is, they would be liable both together, or either of said parties would be liable for same ; and plaintiff, to recover same, could sue both of said parties jointly, or either of them alone, and recover for same." This instruction is claimed to be erroneous, and we think the position of counsel for appellant is correct. The only question under the statute is, was the claim of plaintiff a family expense ? That it was a family expense seems to be conceded by the instruction, and there can be no doubt that thus far the instruction is correct. But the question whether it was a necessary and proper family expense is not involved in the case. The instruction is in this respect contrary to the statute, as construed by this court. *Smedley v. Felt*, 41 Iowa, 588 ; *Marquardt v. Flaugher*, 60 Iowa, 148. The fact that it was alleged in the petition that the expenditure was a necessary family expense did not require that the plaintiff should prove that averment. A party plaintiff is not required to prove the redundant or unnecessary averments of his petition.

II. It is claimed that the verdict is not supported by the evidence, and we think that this point is well taken. There was really no defense to the action.

III. The record is presented to us in some seven different printed abstracts and arguments. The appellant's abstract and assignment of errors were defective. Appellee's counsel discussed this in his argument. Then appellant amended, and there are arguments and rearguments, besides one or more motions. We think the record, as at last presented, is sufficient, and that we have jurisdiction to

2. APPEAL: costs of useless printing.

determine the appeal. But the defects in the original abstract were the cause of the printing of about ten pages of unnecessary abstract and arguments, and ten dollars of the cost of the appeal will be taxed to appellant. The judgment of the superior court will be

REVERSED.