S. HECHT, Appellant, v. AUGUST GITCH et ux., Appellees.

**Husband and Wife:** FAMILY EXPENSE : RENT OF FARM. A wife is not liable, under the provisions of section 2214 of the Code, for any part of the rent of a farm leased by the husband by reason of the fact that a house located thereon was occupied by the family, and that out of the produce and crops of said farm the family was supplied with all the wants and necessaries of life.

*Appeal from Chickasaw District Court.*—HON. L. O. HATCH, Judge.

SATURDAY, MAY 23, 1891.

THE defendants are husband and wife. The plaintiff demands judgment against them for one hundred and seventy dollars, and interest, for the rent of a farm of eighty acres for the years 1881 and 1882. The defendant, Emma Gitch, demurred to the petition, and the demurrer was sustained. The plaintiff appeals. *Affirmed.*

*F. F. Swale* and *Ainsworth & Hobson*, for appellant.

*Springer & Clary*, for appellees.

ROTHROCK, J.—The petition is in two counts. It appears by the first count that the defendant, August Gitch, executed his promissory note to the plaintiff for one hundred and seventy dollars for the rent in question. In the second count of the petition it is sought to charge the defendant, Emma Gitch, with the payment of the note in the following language :

"The plaintiff further states that she seeks to hold the defendant, Emma Gitch, on the following facts as ground of recovery, to-wit: That the note sued on herein was given by the husband of Emma Gitch for the rent of a farm occupied by defendant, Emma Gitch, with her husband and their family, in the years 1881 and 1882, and that said premises constituted and was their only home for themselves and family during said years 1881 and 1882, and that the produce and crops of said farm supported defendants and their family, and supplied them and their family with all their wants and necessaries of life, and that the indebtedness for which said note was given was a family expense, and for which these defendants are each and both liable and justly indebted to this plaintiff therefor."

The demurrer is to the effect that the rent of a farm is not a family expense. The statute upon which the plaintiff relies is as follows: "The expenses of the family and the education of the children are chargeable

upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately. Code, sec. 2214. The appellant claims that the occupancy of the house on the farm, and that part of the rent which applies to the house or shelter of the family, ought to be held as a family expense under the section of the Code above cited. Whether the rent of a house in which to reside is a family expense within the meaning of the law, we need not determine. The thing acquired by the lease, and for which the husband became indebted, was the use of a farm. The use of the house was not a separate expense in any sense. If so, the barn, corn-crib, granary and other buildings might be said to have been separately leased. The enterprise in which the husband was engaged was a business undertaking, in which he sought to make an income. There is no more reason for holding that any part of the tenancy is a family expense than there would be to charge the wife with the purchase money of the farm if the husband had bought it outright, instead of renting it for two years. In both cases the amount agreed to be paid was for an interest in the farm. There is no case in this court which approaches anywhere near the rule contended for by the appellant. As supporting the ruling of the district court, in principle at least, see *McCormick v. Muth*, 49 Iowa, 536; *Russell v. Long*, 52 Iowa, 250. AFFIRMED.