[Filed April 11, 1892.]

## CHARLES H. DODD *v.* WM. ST. JOHN ET UX.

HUSBAND AND WIFE—EXPENSES OF FAMILY—LIABILITY OF WIFE.—Under section 2874, Hill's Code, which provides that "the expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately," a wife is liable for the purchase price of a buggy bought for and used in the family as a family vehicle.

Linn county: R. P. BOISE, Judge.

Plaintiff appeals. Reversed.

The substance of the amended complaint alleges: "That the plaintiff, on the first day of October, 1888, was, ever

since has been, and now is, doing business in the state of
Oregon, with headquarters at Portland, Oregon, under the
firm name and style of Charles H. Dodd & Co., and that
the sole and only member interested in and composing the
said firm known as Charles H. Dodd & Co. is now and at
all times since January 1, 1880, has been Charles H. Dodd
only; that on the eleventh day of October, 1888, and for a
long time prior thereto, the said defendants were, ever since
have been, and now are, husband and wife; that in the state
of Oregon, on the eleventh day of October, 1888, the plaintiff,
at the special instance and request of the defendant Wm.
St. John, sold and delivered to him, the said defendant
Wm. St. John, for the use of himself and his wife, Cynthia
A. St. John, and their minor children, and for the especial
use, enjoyment and benefit of, and as a necessary for the
family of said defendant, one certain buggy, a family vehicle,
at and for the agreed price of one hundred and two dollars
and fifty cents, and that said defendant Wm. St. John pur-
chased said buggy for the sole use of, and as a family
expense, and as a necessary for his family, consisting of
himself, his wife, the said defendant Cynthia St. John, and
their minor children; that the said buggy was and is a
necessary and family expense, incurred by said defendant
Wm. St. John, for the use and benefit of his said family, as
aforesaid, and that said defendant Cynthia St. John is liable
for the said sum of one hundred and two dollars and fifty
cents and the whole thereof; that the said buggy, the said
family vehicle, was used, and has been used and enjoyed,
and is now in the use and enjoyment of the said defend-
ants Wm. St. John and Cynthia St. John and their minor
children, and has been so used by them ever since the sale
and delivery thereof to defendant Wm. St. John, as afore-
said; that Wm. St. John and Cynthia St. John are members
of the United Presbyterian Church, at Oakville, Linn county,
Oregon, and are regular attendants at the religious ser-
vices of said church, and that said buggy was purchased

especially for the use and conveyance of said defendants and their family to and from their residence to said church, and is and was a family expense, and necessary to the rank, profession and station in life of said defendants and their family; that no part of said sum of one hundred and two dollars and fifty cents nor of the interest thereon has been paid, and that there is now due and owing for said buggy, as aforesaid, from the said defendants to this plaintiff, the sum of one hundred and two dollars and fifty cents, with interest thereon at the rate of eight per cent per annum from October 11, 1888, until paid."

The court below sustained a motion to strike out portions of this complaint, and then sustained a demurrer to the residue, and entered a final judgment in favor of the defendants, from which this appeal was taken.

*Geo. W. Wright,* and *D. R. N. Blackburn,* for Appellant.

*W. R. Bilyeu,* for Respondents.

STRAHAN, C. J.—This action is founded on section 2874, Hill's Code, which is as follows: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." This statute is a wide departure from the common law and from the legislation of most of the states. Whether its enactment was wise and its provisions beneficent in their operation, is not for the court to determine; that in some instances at least, it works a great hardship on the wife in subjecting her to a liability which she did not contract for expenses of the family, cannot be doubted. But the power of the court in the premises is confined to its construction and enforcement in cases as they shall arise.

The first case in this court under this statute was *Watkins* v. *Mason,* 11 Or. 72. It was for a butcher's bill, and the wife was held liable. In that case, there was nothing to charge the wife, except that she was the wife of O. P. Mason,

and the meats were used in their household. After referring
to some Iowa cases, the court remarks: "If by the law of
these cases, the meat sold by the appellant to O. P. Mason
for family use was used in the family, then Mary Mason,
the wife, is liable."

*Phipps* v. *Kelly*, 12 Or. 213, was the next case in this
court under that statute. It was a suit in equity to charge
the property of the wife; and after holding that under this
statute a plaintiff might sue either at law or in equity, the
court, per Lord, J., said: "Family expenses may include
necessaries and more. In *Smedley* v. *Felt*, 41 Iowa, 590, the
court, in commenting on a statute identical with this, said:
'The language of the statute is general. It applies to the
expenses of the family without limitation or qualification
as to the kind or amount. * * * What is necessary
depends very much upon the wealth, habits, and social
position of the party; what is a family expense, depends
upon none of these considerations. * * * The only
criterion which the statute furnishes is, was the expendi-
ture a family expense,—was it incurred for, on account of,
and to be used in the family?'"

The question was again before this court in *Black* v.
*Sippy*, 15 Or. 574, where it was held among other things,
that the wife is liable for goods for family use, although
sold to the husband on his individual credit. In *Holmes*
v. *Page*, 19 Or. 232, the question was again presented, and
the court held that where goods are bought as family
expenses, and are so used, either husband or wife is liable
in an action for them; and the subject was again referred
to in *Davis* v. *Davis*, 20 Or. 85, in which case it was
remarked that "whatever family expenses were incurred
while either of the parties owned this property, were a
charge upon it." That was a case where Mrs. Davis held
the legal title, and while the title was in her she paid cer-
tain family expenses; and it was thought equitable that this
money should be returned to her before a general creditor

of her husband could be allowed to subject this property to the payment of the husband's debt, on the ground that the conveyance to the wife was fraudulent.

The real contention in this case is, whether or not the buggy mentioned in the complaint is a family expense within the meaning of this statute—not whether it is a necessary family expense. The word necessary does not occur in the statute, which relieves the case of the question whether the expense was a necessary one or not. The statute is broad enough to subject the wife to liability for articles that are purchased and used in the family, whether they were necessary or not. In fact, the articles may have been entirely unnecessary, or.such as the family ought to have dispensed with, or they may have been of no utility; still, if they were purchased and used in the family, we do not see on what ground the liability of the wife could be avoided.

In *Fitzgerald* v. *McCarty*, 55 Iowa, 702, the court was called upon to state the rule by which the jury was to determine what were family expenses·within the statute, and it was held that it was essential to constitute a family expense that the thing for which the expenditure was incurred should have been kept for use in the family. It is the expenses of the family which, under the statute, are chargeable on the property of both husband and wife. This implies, we think, that the expense must have been incurred for something used in the family, or kept for use, or been beneficial thereto. The same statute is in force in Illinois; and in *Von Platin* v. *Krueger*, 11 Brad. 627, it received the same construction; and it was further held that what would be included in the term family expenses must be determined by the circumstances of each case. In *Smedley* v. *Felt*, 43 Iowa, 607, a debt was incurred for a piano, and the wife was held liable under this statute.

It was held in *McCormick* v. *Muth*, 49 Iowa, 536, that a reaping machine did not constitute a family expense within

the statute, and was not chargeable on the wife's separate property. Nor do family expenses include money borrowed to purchase or pay for articles which in themselves were in fact proper items of family expense (*Davis* v. *Ritchey*, 55 Iowa, 719); nor is a breaking-plow a family expense (*Russell* v. *Long*, 52 Iowa, 250); nor is money advanced to the husband and used by him for the payment of family expenses. (*Sherman* v. *King*, 51 Iowa, 182.)

On the other hand, in *Schrader* v. *Hoover*, 80 Iowa, 243, a physician's bill was held to be a family expense within the statute; and to enable the doctor to recover against the wife, it was not necessary for him to allege and prove that such services were needful and proper for her. So in *Frost* v. *Parker*, 65 Iowa, 178, an organ though purchased by the husband for re-sale, although never actually sold by him, but used in the family for about seven years as organs are ordinarily used, was held to be a family expense. So was the rent of a house occupied by the family as a residence. (*Illingsworth* v. *Burley*, 33 Ill. App. 394.) So also a lady's gold watch and chain, a ring and other small articles of jewelry purchased by the husband and used by members of his family, were held to be articles of family expenses within the statute. (*Marquardt* v. *Flaugher*, 60 Iowa, 148.) And so was a sewing machine a family expense. (*Farrar* v. *Emery*, 52 Iowa, 725.) What are expenses of the family must be determined according to the facts of each particular case as it shall be presented. In many cases the question must be determined by the use made of the article purchased. If the article were purchased and brought into the family and used there, it is a family expense. Enough is alleged in the complaint to show that the buggy was so used, and the court erred in sustaining the demurrer. When the facts are developed before a jury with proper instructions from the court, the jury can readily determine the question.

The judgment must, therefore, be reversed, and the cause remanded for such further proceedings as may be according to law and the practice of the circuit court.