J. W. NEASHAM, Appellant, v. ANNA I. MCNAIR.

FAMILY EXPENSES: *Husband and wife.* A diamond shirt stud procured for personal use, and actually used and worn by a husband, is a family expense within the meaning of Code, section 2214, charging family expenses upon the property of both husband and wife, or either of them.

ROBINSON, J., dissenting.

*Appeal from Wapello District Court.*—HON. F. W. EICHELBERGER, Judge.

SATURDAY, OCTOBER 30, 1897.

THE petition alleges that the defendants are husband and wife, a family of large fortune, high social rank, and luxurious habits; that O. E. McNair purchased an article of jewelry for his personal use and adornment, and used the same for such purpose; that he afterward executed a note therefor, no part of which has been paid. It was admitted that the article referred to is a diamond shirt stud. Anna I. McNair demurred on the ground that such stud is not an expense for the payment of which she is liable. The plaintiff elected to stand on the ruling by which the demurrer was sustained, and appeals from the judgment dismissing the petition.—*Reversed.*

*Work & Lewis* for appellant.

*W. S. Coen* for appellee.

LADD, J.—Is a diamond shirt stud, worn by the husband for personal use and adornment, an expense

of the family, for which the wife may be liable? Section 2214 of the Code of 1873 provides that "the expense of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." At common law the husband was liable for any expense incurred in the clothing and maintenance of the wife and children, suitable to his situation in life. The term "necessaries" was not confined to food and clothing, but was construed to include articles of utility and ornament ordinarily enjoyed by families of persons of estate and station similar to that of the husband. The wife, however, was not chargeable for necessaries, and there was no remedy for articles purchased by her and used in the family, when not included in that term. The statute obviates determining the vexatious question of what are necessaries, and affords an adequate remedy against both husband and wife. *Smedley v. Felt*, 41 Iowa, 588; *Schrader v. Hoover*, 80 Iowa, 243; *Blachley v. Laba*, 63 Iowa, 22; *Devendorf v. Emerson*, 66 Iowa, 698. The expense, however, is limited to that of the family, and must have been incurred for something used therein, or kept for use of or beneficial thereto, and may include articles which enhance domestic comfort and increase social enjoyment. *Fitzgerald v. McCarty*, 55 Iowa, 702; *Smedley v. Felt, supra*. In the latter case a piano was adjudged a family expense. "Family" is defined as a collective body of persons who live in one home, under one head or manager. *Menefee v. Chesley*, 98 Iowa, 55, and authorities cited. That husband and wife, when living together, as they are presumed to do, are both members of the family, and included in this definition, will not be questioned. Necessaries for which the husband was liable will certainly now be conceded to be a part of the family expense. Clothing

seems to have been treated as such.  *Finn v. Rose*, 12 Iowa, 565; *Devendorf v. Emerson, supra; Smedley v. Felt, supra*.  It is said that this is beneficial to each member only, and not to the entire household.  The clothing of every member is a source of comfort and enjoyment to all.  It is as essential as the food placed on the table.  Indeed, the services of a physician to one member of the family have been deemed a family expense; and so a watch and chain used by the wife and daughter only.  *Schrader v. Hoover, supra; Marquardt v. Flaugher*, 60 Iowa, 148.  Wearing apparel is not confined in its meaning to clothing, but includes the idea of ornamentation as well.  A watch and chain have been adjudged such.  *Brown v. Edmonds*, 8 S. D. 271 (66 N. W. Rep. 310); *McClung v. Stewart.* — Or. — (8 Pac. Rep. 447); *Bumpus v. Maynard*, 38 Barb. 626.  Contra, see *Smith v. Rogers*, 16 Ga. 480; *Rothschild v. Boelter*, 18 Minn. 331; *Gooch v. Gooch*, 33 Me. 535; *Sawyer v. Sawyer*, 28 Vt. 252.  See 29 Am. & Eng. Enc. Law, 38.  In *Sawyer v. Sawyer, supra*, a breastpin is held to be a part of the wearing apparel of a deceased husband, which, under the Vermont statute, goes to the widow.  But the supreme court of New Hampshire adjudged a breastpin "not to be wearing apparel necessary for the debtor and his family."  *Towns v. Pratt*, 66 Am. Dec. 726.  The question of value and necessity is somewhat controlling in some of the cases referred to.  By "wearing apparel" is usually meant clothing and garments protecting the persons from exposure, and not articles of ornament merely.  Originally it included, not only the vesture, but all the ornaments and decorations worn with it.  That jewelry, when of no purpose other than that of ornament, as a ring, will not be so classified, may be conceded.  But if it serves the double purpose of being an article of use, in fastening the garments, or otherwise, and also of adornment to the person, there appears no good reason for not adjudging it

a part of the wearing apparel; else much that is pleasing in dress must be excluded from the meaning of the word, as generally accepted. The ornamentation of a lady's wardrobe is of little ut'l'ty, yet it is always included in the term. If an article of jewelry is used with and as a part of the clothing, it may well be deemed a portion of the wearing apparel. It may thus serve as necessary and useful a purpose as the garments themselves. Articles of jewelry were often adjudged necessaries for which the husband was liable at common law. *Raynes v. Bennett,* 114 Mass. 424; *Porter v. Briggs,* 38 Iowa, 166. These are quite as commonly worn by many people as the clothing that covers them. The make of a shirt or the taste of the wearer may be such as to require some kind of a button or stud. If the inexpensive pearl were used, no one would question the propriety of making it a family charge. But it might be as much out of place in the shirt front of a person of fashion or fortune as a diamond in that of one who earns his bread by the sweat of his face. If the cost, the utility, or the necessity is to be the criterion, then the line must be drawn on many articles of furniture, clothing, and food. What shall be the delicacies of the table, the adornments of the person, and the character of the furnishings, must be left to the better judgment and discretion of each family, which is presumed to, and ordinarily does, act as a unit in such matters. Many families would have no use for terrapin, silks and satins, or Smyrna rugs, or costly jewelry, and in such cases neither husband nor wife would be liable for indebtedness incurred by the other therefor. But, if these are purchased for and used in the family, it is not perceived on what ground they may not be deemed a family charge. Under our statute, there is no occasion for inquiry as to the cost or necessity. Nor is there better reason to investigate the character or value of a button or stud worn, in determining

whether it is a family expense, than that of a costly dress, an artistically trimmed bonnet, or a silk hat. The article may be unnecessary, or such as the family ought to have dispensed with, or of no actual utility; still, if purchased for and used in the family, the liability of the wife cannot be avoided. *Dodd v. St. John*, 22 Or. 250 (29 Pac. Rep. 618). If the diamond stud was worn by the defendant's husband, as is alleged, for personal use, as well as adornment, it is an expense such as is contemplated by the statute. Nor does such a holding involve necessary hardship. It is said in the petition that the McNairs are a family of large fortune, high social rank, and luxurious habits. If this be true, the jewelry may well be deemed appropriate to their situation in life, and a source of no inconsiderable outlay in maintaining the family according to their station, and in harmony with their associations. The price of a diamond shirt stud will not in all cases be a family expense, but where procured for personal use, and actually used and worn by the husband, it becomes such. The same rule must be applied to the diamond and the pearl, to the rich and the poor.—REVERSED.

ROBINSON, J. (dissenting).—I do not agree to what is said in support of the conclusion of the majority.