MARTIN BROS., Appellant, v. N. B. VERTRES, EXECUTOR OF THE ESTATE OF MARY E. VERTRES, Deceased, Appellee.

Husband and Wife: LIABILITY FOR NECESSARIES. The cost of feed for a horse used by a husband in his business, and not by the family, is not a family expense chargeable to the wife under Code Section 3165.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

MONDAY, MARCH 12, 1906.

ACTION to recover a feed bill for horse and cow furnished N. B. Vertres, husband of Mary E. Vertres, deceased.   The trial court dismissed the petition, and plaintiff appeals.— *Affirmed.*

*A. L. Steele,* for appellant.

*Myerly & Myerly,* for appellee.

DEEMER, J.— N. B. Vertres, husband of the deceased, owned a cow and horse, and at his request plaintiff sold and delivered to him feed to the amount of $40.30 for the maintenance of said animals.   Vertres used the horse in his

business, and the cow was kept at the family home, furnishing such milk as was demanded for use in the family, and at times some which was sold. Both horse and cow were exempt from execution.

The question in the case is: Is the purchase price of feed for property exempt to the head of a family such a family expense as that the wife is liable therefor under section 3165 of the Code? Unless feed for both horse and cow is a proper charge against the wife, there can be no recovery here, for there is no proof as to the amount of feed furnished for each particular animal.

The horse was used by the husband in his business, and was not for the comfort or convenience of the family. Indeed, it does not appear that the animal was ever used by the family either for pleasure or profit, save as it came through the husband's earnings. Such being the case, neither the purchase price of the horse, nor the bill for feed, was a family expense. *McCormack v. Muth,* 49 Iowa, 536; *Russell v. Long,* 52 Iowa, 250.

Under some circumstances the purchase price of a cow or horse, or both, may be a family expense; but not so here. The horse was not used by the family, and the cow, not only produced milk for the family, but also some for sale. Generally speaking, the thing for which the expense was incurred must be used or kept for use in the family. *Fitzgerald v. McCarty,* 55 Iowa, 702. Hence, neither money for the purchase price of necessaries, rent agreed to be paid for the use of a farm, nor the agreed price of reaping machines, or breaking plows is a family expense, within the meaning of the statute referred to. *Davis v. Ritchey,* 55 Iowa, 719; *Hecht v. Gitch,* 82 Iowa, 596. Clearly, feed for a horse used by a husband in his business is not a family expense. This being true, there can be no recovery. *Way v. Cross,* 95 Iowa, 258. In the absence of statute, there is no liability whatever, and, as the case does not come within the statute, the trial court was right in dismissing the petition. — *Affirmed.*