MARGARET VOSE, Appellant, v. JENNIE MYOTT, Appellee.

Husband and wife: SUPPORT OF HUSBAND: LIABILITY OF WIFE. While the husband is chargeable at common law for the support of his wife, the wife is not liable for the husband's support, except so far as the statute makes the family expenses chargeable against both husband and wife, or either of them; and this statute does not impose upon the wife the expense of her husband's board while absent from their home in contemplation of separation.

*Appeal from Wright District Court.*—HON. C. G. LEE, Judge.

WEDNESDAY, MARCH 10, 1909.

ACTION at law to recover for board furnished by

plaintiff to John Myott, husband of the defendant, Jennie Myott. There was a directed verdict and judgment for the defendant, and plaintiff appeals.—*Affirmed.*

*McGrath & Archerd,* for appellant.

*Eugene Schaffter,* for appellee.

Weaver, J.—The plaintiff and defendant are sisters. For some time prior to the inception of this controversy the former lived at Eagle Grove, Iowa. At one time defendant, with her husband, John Myott, lived at the same place, but later removed to Sioux Falls, S. D. In October or November, 1906, John Myott, being considerably crippled and incapacitated for labor by reason of rheumatism, came to the home of plaintiff in Eagle Grove and asked to be permitted to stay there until he was able to go to work and was informed that plaintiff would board him for $3.50 per week, and to these terms he assented. He remained with plaintiff until the following March, making but one small payment, and when he left he was owing her about $45. Later plaintiff demanded payment of the bill from her sister, and, this being refused, she instituted this action. For the purposes of the case it may be conceded, as indeed it must be, that as against John Myott the claim sued upon is reasonable and just; but the material question presented by the appeal is whether it constitutes a just and sufficient ground of recovery against John Myott's wife, a proposition which is by no means so easy of solution.

It goes without saying that at common law the wife is under no legal obligation for the support of her husband. Neither does our statute impose any such obligation in terms. If it is to be found anywhere, it must be by interpretation or construction of Code, section 3165, which makes the "expenses of the family chargeable upon the

property of both husband and wife or of either of them." What may be regarded as "family expenses" is a question which has come up on several occasions, and the phrase has been found sufficiently elastic to include pianos for the daughter (*Smedley v. Felt*, 41 Iowa, 588), watches, chains and rings for the wife (*Marquardt v. Flaugher*, 60 Iowa, 148), and diamond studs for the husband (*Neasham v. McNair*, 103 Iowa, 695). As yet, however the purchase price of lapdogs of royal lineage by the wife, or of aeroplanes by the husband, has not been judicially baptized a "family expense," though the course of recent legal evolution would seem to indicate that the possibilities in this direction are not yet exhausted; but through all the cases there is traceable an effort to confine the term "family expenses" to obligations incurred for something which is intended, nominally at least, for the use or comfort of the collection or personality which we speak of as the family, or for the house or some member of the family, as distinguished from individual or personal expenses not contributing to family convenience, enjoyment or comfort. For instance in the *Smedley* case, *supra*, it is said: "The only criterion which the statute furnishes is: Was the expenditure a family expense? Was it incurred for, on account of, and to be used in the family?" In *Fitzgerald v. McCarty*, 55 Iowa, 702, the trial court having instructed the jury in substantially the language above quoted from the opinion in the *Smedley* case, this court concluded that the rule as thus stated was a little too broad and held that the instruction should have gone further and informed the jury that "it was essential to constitute a family expense that the thing for which the expenditure was incurred should have been used or kept for use in the family." Again, in the diamond stud case, it is said: "The expense is limited to that of the family and must have been incurred for something used therein or kept for the use of, or beneficial thereto." And the pur-

chase of a diamond is brought within this category on the theory that it may fairly be classed as an article of wearing apparel. It is possibly not an undue expansion of the rule thus laid down to say that if a member of the family meet with accident or be suddenly prostrated with sickness when away from home, or if, being sick at home, he goes or is sent to a sanitarium or elsewhere for treatment or benefit to his health, the courts would be disposed to hold the expense thus incurred to be of the class for which both husband and wife are liable; but a consideration of the scope of such liability, if any, is not necessary in this case. Aside from the question of family expense, as such, the wife, as we have already noted, is under no legal liability for her husband's support. *Blackhawk v. Scott,* 111 Iowa, 190. Their obligations as husband and wife are not mutual or coextensive in this respect. The husband is still bound by his common-law obligation for the support of his wife and is entitled to the benefit of her domestic service. *McClintic v. McClintic,* 111 Iowa, 615; *McTighe v. Bringolf,* 42 Iowa, 455; *Lyle v. Gray,* 47 Iowa, 153; *Van Doren v. Marden,* 48 Iowa, 186. And for this reason the husband may be held liable for expenses incurred by the wife under many circumstances which would be wholly insufficient to charge the wife with the expenses of her husband. By no reasonable construction of the statute can the term "family expense" be stretched to include the traveling expenses, hotel bills, and board bills of the husband, unless it may be under extraordinary circumstances such as we have above suggested. If there be any exceptions to this rule, we are quite clear that the case before us does not present one of them. It is shown by the evidence of several witnesses that when defendant's husband left the home in Sioux Falls in 1906, and came to Eagle Grove, it was in contemplation of a separation from his wife, and, except a brief visit of a few days with her in the following

summer, they have ever since lived apart. While he was suffering from rheumatism at the time of his departure, there is nothing to indicate any reasonable necessity for the journey for the purpose of medical treatment, or that such was in fact the motive which led to his going. If the plaintiff may recover for his board from November, 1906, to March, 1907, then each person who has since that time given him shelter or food may also recover from her. This, we think, would be giving to the statute an effect far beyond the contemplation of the Legislature in its enactment. The facts developed on the trial were not sufficient to sustain a finding in the plaintiff's favor, and there was no error in directing a verdict for the defendant.

The judgment of the district court is therefore *affirmed.*