LEWIS McDANIELS, Appellee, v. WILLIAM McCLURE and
    his wife, JULIA ESTES McCLURE.  JULIA ESTES Mc-
    CLURE, Appellants.

Husband and wife: FAMILY EXPENSE: LIABILITY OF WIFE.  In a suit
    on account against the husband and wife in which it was sought
    to hold the wife liable as for family expenses, it is held that a
    heating stove, clothes wringer, coal oil and can and a buggy
    kept for use in the family are a family expense within the
    contemplation of the statute.

*Appeal from Mills District Court.*—HON. O. D. WHEELER,
                        Judge.

                THURSDAY, MAY 6, 1909.

ACTION upon open account for goods sold and de-
livered the defendants, who are husband and wife.  The
trial court did not allow all the items as against the wife,
but did render judgment against her for the sum of $151.-
95.  She appeals.—*Affirmed.*

    *Genung & Genung,* for appellant.

    *W. S. Lewis* and *Flickinger Bros.,* for appellee.

    DEEMER, J.—Plaintiff was a hardware merchant in
the town of Tabor, Iowa, and defendants are husband and
wife who lived near that town, the wife, Julia McClure, be-
ing the owner of the farm upon which they lived and other
real property.  During the years 1899-1903 plaintiff sold
and delivered to William McClure certain goods and mer-
chandise, amounting in the aggregate to $381.91.  The

goods seem to have been charged, to William McClure and wife. In the year 1899 certain credits to the amount of $12.60 were given by plaintiff, and on January 1, 1903, the account was credited by note in the sum of $326.60, leaving a balance due upon the open account of $43.30. The note was signed by William McClure alone. Action is brought upon the note and account against both defendants, and against the wife upon the account alone, upon the theory that the goods sold were a family expense properly chargeable against her. The trial court rendered judgment against the husband for the amount of the note, and against the wife for the sum of $151.95, on the theory that goods to this amount were properly chargeable against her as a family expense. The case is at law, and is submitted upon errors assigned; appellant's chief contention being that the judgment is without support, for the reason that it is not shown that the goods, or any part thereof, were actually used in the family, or were such as to be regarded as items of family expense. It is also claimed that there was no actual agency on the part of the husband to purchase goods for the wife. Defendant Julia McClure owned the farm, and the testimony shows that many of the items sold to her husband were used thereon. She claims that she notified plaintiff not to furnish any goods to her husband expecting her to pay therefor, but this is denied by plaintiff; and, as the case is at law, and the trial court found for plaintiff, we must assume that no such notice was given. There is also testimony to the effect that many of the articles furnished to the husband were used upon the farm, and that the wife knew of some at least of the husband's purchases.

As the judgment was based upon the theory that the articles furnished were a family expense, we shall consider the case from the same standpoint. Code, section 3165, provides that the expenses of the family are chargeable upon the property of both or either, and that in relation thereto

they may be sued jointly or separately. The term "family expense" has not been very clearly defined in our cases, and perhaps no definition should be attempted. Generally speaking, the only criterion which the statute furnishes is that the account must be for items of goods furnished for and on account of the family, and to be used therein. No limitation is put upon the expenditures, and it need not appear that they be "necessaries," as that term is generally used. *Smedley v. Felt,* 41 Iowa, 588. It has been held that a cook stove and fixtures, wardrobes, bureaus, bedsteads, organs, watches, and other jewelry, medical services, wearing apparel, etc., are family expenses. *Smedley v. Felt, supra; Frost v. Parker,* 65 Iowa, 178; *Finn v. Rose,* 12 Iowa, 565; *Marquardt v. Flaugher,* 60 Iowa, 148; *Schurz v. McMenamy,* 82 Iowa, 432; *Schrader v. Hoover,* 80 Iowa, 243; *Murdy v. Skyles,* 101 Iowa, 549. It is essential, of course, that the expenditures be for property which was used or kept for use in the family. *Fitzgerald v. McCarty,* 55 Iowa, 702. But a reaping machine or other agricultural implements, used by the husband in the prosecution of his business of farming, rent of a farm, medical assistance to a husband away from home, or money borrowed to pay for goods furnished the family, are not properly chargeable as family expenses. *McCormick v. Muth,* 49 Iowa, 536; *Russell v. Long,* 52 Iowa, 250; *Hecht v. Gitch,* 82 Iowa, 596; *Sherman v. King,* 51 Iowa, 182.

In the light of the evidence, and these rules, we have gone over the record with care, and find that appellant should be charged with the purchase price of a base burner used in the family residence, a wringer, a round oak heating stove, a buggy kept for use by the family, and coal oil and can, in all amounting to $150.85. This is within $1.10 of the amount allowed by the trial court. Had the trial court also allowed plaintiff something on an exchange for a family carriage, we should not have found fault with the decision. Plaintiff does not appeal, however;

and, as the judgment has support in the testimony, we shall not interfere.

The result is that the judgment must be, and it is, *affirmed*.