SAGER, SWEET & EDWARDS, Appellant, v. LOREN RISK et al., Appellees.

**HUSBAND AND WIFE:** Family Expense—Attorney Fees for Defending Husband. Attorney fees for legal services and expenditures in connection therewith, accruing in defending the husband from a criminal charge, do not constitute an ''expense of the family,'' for which the wife is liable. (Sec. 3165, Code Supp., 1913.)

*Appeal from Buchanan District Court.*—H. B. BOIES, Judge.

DECEMBER 14, 1920.

ACTION to recover from wife, attorney's fees for defending her husband in prosecution on charge of a felony, on the theory that services rendered constituted reasonable and necessary family expenses, within the meaning of Section 3165 of the Supplement to the Code, 1913.—*Affirmed.*

*Sager, Sweet & Edwards,* for appellant.

*M. W. Harmon,* for appellee.

ARTHUR, J.—In this action, plaintiff seeks to recover for legal services, together with some expenses incurred, in defending Loren Risk in the case of State of Iowa v. Loren Risk, wherein he was charged with a felony, namely, subornation of perjury. Plaintiff seeks to charge the property of Ella M. Risk, wife of Loren Risk, on the theory that the services rendered and disbursements incurred for Loren Risk constitute reasonable and necessary expenses, within the meaning of Section 3165 of the 1913 Supplement to the Code of Iowa, and are, therefore, chargeable upon the property of the defendant Ella M. Risk.

Ella M. Risk demurred to plaintiff's petition, upon the ground that the facts stated in the petition do not entitle plaintiff to the relief demanded against her, because the facts stated in the petition do not show that the professional services alleged to have been rendered the defendant Loren Risk were reasonable and necessary expenses of the family of Loren Risk. The trial court sustained the demurrer, and, upon the election by plaintiff to stand on its petition, rendered judgment in favor of defendant Ella M. Risk against the plaintiff for costs.

Plaintiff assigns as error the sustaining of the demurrer to the petition.

From the petition it appears: That plaintiff is a partnership, engaged in the general practice of law at Waterloo, Iowa; that, in February, 1916, the plaintiff was employed by the defendant Loren Risk, to defend him in a criminal case, entitled "State of Iowa v. Loren Risk" in the district court of Black Hawk County, wherein the defendant was charged with a felony, namely, subornation of perjury; that, pursuant to such employment, the plaintiff firm performed services of the reasonable value of $1,800, and made disbursements in connection with such case, amounting to $31.30; that of this amount the defendant Loren Risk paid plaintiff $100, leaving a balance due from Loren Risk of $1,731.30; that defendant Ella M. Risk is the wife of defendant Loren Risk, and, at the time said services were performed, said defendants were living together as husband

and wife; that the trial resulted in an acquittal of the defendant Loren Risk.

The determination of this case involves the construction of the statute which reads:

"The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both the husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." Section 3165 of the Supplement to the Code, 1913.

This statute has been before this court for construction in quite a number of cases before the phrase "reasonable and necessary" was placed in the statute by the thirty-fifth general assembly, but not since.

The question for our determination is whether or not Ella M. Risk, the wife of Loren Risk, is liable for the professional services rendered her husband, as claimed in the petition. Is a charge for legal services rendered the husband in defending him in a prosecution on a felony charge "an expense of the family," under Section 3165 of the Supplement to the Code 1913? This is the question before us.

Counsel on both sides say that they discover no case where this exact question has been presented and decided by any court. We have discovered none. Appellants argue that this and other courts have decided cases holding that services analogous to legal services performed by the plaintiff in this case are reasonable and necessary expenses of the family, and, consequently, are chargeable upon the property of the wife, as provided in Section 3165 of the Code. Appellants cite and review the cases wherein this court has held that medical services rendered to a member of a family are family expenses, within the meaning of the statute, and argue their analogy to the case before us.

This is the first case presented to this court since the phrase "reasonable and necessary" was incorporated into the statute. But we will not have occasion to construe and apply such phrase in the case before us, unless we should first determine that the attorney fee charged is an expense of the family, as contemplated by the statute.

Appellants argue that medical charges are analogous to charges for legal services. We often resort to the reasoning of the courts, to ascertain the analogy of questions. In the first case in Iowa where the question arose whether a charge for medical services was an expense of the family, the question came up on review of an instruction. The court, in its instruction to the jury, had assumed that the charge for the medical services was a family expense, and this court simply approved the instruction that far, without discussion or comment. See *Schrader v. Hoover*, 80 Iowa 243. In the succeeding cases involving the statute with respect to charges for surgical and medical attendance, the rule adopted in the *Schrader* case has been approved and adhered to, without discussing the reason or logic for holding that such charge is included in the "family expense." In the first case, the *Schrader* case, it seems to have been conceded on the trial in the lower court that the charge for medical services came within family expenses; and, such rule having been adopted by this court, there has never been occasion since for discussion of the matter.

Appellants quote the reasoning of the court in *Leake v. Lucas*, 65 Neb. 359 (62 L. R. A. 190), and urge that such reasoning is sound, and is in accord with the decisions of this court, and would, by analogy, place charges for legal services in the same category as charges for surgical and medical services. In *Leake v. Lucas*, supra, it is said:

"It would seem that the medical attendance necessary to cure defendant's husband of his illness, and thus place him in a position to labor and support the family, herself included, was a necessary furnished for its benefit."

Surgical and medical services rendered for the husband are made a charge upon the wife's property, whether such services cure or not. The wife's liability for medical services rendered her husband does not depend on whether a cure is effected or not. She is liable if the medical service is unavailing.

Counsel argues that, if the physician, in performing medical or surgical services in restoring a husband to health, is entitled to recover for his services, as expense of the family, what reason is there for saying that the lawyer who successfully defends a husband against a felonious charge, and restores the husband

from the arms of the law to his wife and family, is not entitled to recover therefor? Counsel argue that, if services of the physician are expenses of the family, why are not the services of the lawyer in defending the husband against a felonious charge, a family expense?

If Ella M. Risk, wife, is liable for appellant's fees in successfully defending her husband, and securing his acquittal on charge of a felony, then she would also have been liable for such fees if her husband had been convicted. The fact of conviction would make her no less liable than in the event of acquittal. If she is liable for attorney's fees contracted by her husband for successfully defending him in a criminal case, why would she not be liable for attorney's fees in the defense of a civil case, where the result of the litigation would financially benefit her husband, or would retrieve a great loss to him, and consequently save him from disability in properly maintaining and supporting his family? We fear that appellant's reasoning would lead to making the wife liable for the payment of attorney fees in any litigation where the husband is sued, and in any litigation that he might institute himself, where the result would be a prevention of loss or an affirmative recovery which would render the husband consequently better able to care for and support his family.

Services of attorneys are necessary in litigation, and also in counsel. But that does not make the charge for such services an expense of the family. Appellants cite many cases where courts have held that an attorney may recover for his fees against the husband for services performed for the wife, growing out of the marital relation in divorce cases and other cases, and also cite cases holding the husband liable for support of the wife and minor children. But in these classes of cases, the liability is not based on statute. Those are common-law obligations. As said in *Vose v. Myott*, 141 Iowa 506:

"If it [liability] is to be found anywhere, it must be by interpretation or construction of Code Section 3165, which makes the 'expenses of the family chargeable' upon the property of both husband and wife, or either of them.'"

And also in the *Vose* case it is said:

"Their obligations as husband and wife are not mutual or

co-extensive   *   *   *   . The husband is still bound by his common-law obligation for the support of his wife, and is entitled to the benefit of her domestic service.   *   *   *   And for this reason the husband may be held liable for expenses incurred by the wife under many circumstances which would be wholly insufficient to charge the wife with the expenses of her husband.''

It has uniformly been held, in construing the statute, that the liability of the wife is purely statutory, being created and limited by the statute; that it cannot be enlarged by any act of the husband, nor extended by judicial construction. *McCartney & Sons' Co. v. Carter,* 129 Iowa 20. In the absence of statute, there is no liability whatever on the wife. *Martin Bros. v. Vertres,* 130 Iowa 175.

By no reasonable construction of the statute can ''family expenses'' be expanded to include the expense of attorney fees and expense incurred by attorneys in defending a husband in a criminal case.

The judgment of the trial court is—*Affirmed.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.