DEVENDORF & MANN v. EMERSON.

1. **Husband and Wife:** FAMILY SUPPLIES SOLD TO WIFE AGAINST HUSBAND'S DIRECTIONS: HUSBAND NOT LIABLE FOR. The defendant, in writing, forbade plaintiffs to sell goods to his wife on his account, he having no account with plaintiffs at the time. Plaintiffs thereafter sold to defendant's wife family supplies on his account, and the same were used as such, but there was no evidence that there was a necessity for such purchase by the wife on account of the husband's failure to furnish such supplies. *Held* that defendant was not liable for the goods so sold.

ADAMS, J., *dissenting*.

*Appeal from Linn Circuit Court.*

WEDNESDAY, SEPTEMBER 23.

ACTION upon an account for goods used in the defendant's family. There was a trial to the court, and judgment was rendered for the defendant. The plaintiffs appeal.

*Stoneman, Ward & Harman,* for appellants.

*Wm. G. Thompson,* for appellee.

ROTHROCK, J.—The case involves less than $100, and comes to us upon a certificate, and the question certified is in these words: "The defendant, in writing, forbade plaintiffs to sell goods to his wife on his account, the husband having no account with the plaintiffs at the time. Plaintiffs thereafter sold to defendant's wife family supplies on the husband's account, and the same were used as such, and there was no evidence that there was a necessity for such purchase by the wife by failure of the husband to furnish said supplies. Under such facts, is the husband liable therefor under the provisions of section 2214 of the Code?" That section is in these words: "The expenses of the family      *      *      * are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

While the above provides that the family expenses are chargeable upon the property of both husband and wife, it has been treated the same as if it had provided that both shall be personally liable for family expenses. *Jones v. Glass*, 48 Iowa, 345. The evident object and purpose of the statute is that the property and means of the husband and wife shall be devoted to the support of the family, so far as necessary for that purpose. They cannot, by each holding family property, or by transferring it from one to the other, avoid the payment of debts contracted by either for family expenses. Such a provision of the law is a just and reasonable one, and serves to protect the tradesman who in good faith furnishes goods for family use.

But the husband, in this case, had no account with the plaintiffs, and gave them notice in writing that they must not sell goods to his wife and charge them to him. He evidently preferred to purchase his family supplies elsewhere,

and, for aught that appears, he may have had good reasons for so doing; he may have had business relations with other merchants which made it very much to his advantage to deal with them, and we must presume that he was at the time furnishing ample supplies for his family.

There is no question of family necessaries in the case, which, it may be, the plaintiffs could have sold to the wife, and held the husband liable, notwithstanding the notice. There are no such charitable considerations in this case. The statute under consideration is a necessary protection to merchants who in good faith furnish family supplies, and authorizes them to look to the husband or wife for payment, without any investigation as to which of them is the owner of the family property. But it appears to us that appellants are not entitled to the protection of the statute. They sold the goods to the wife, knowing that the husband was supplying his family in his own way, and against his written protest. Their position is that they have the absolute right to sell goods to the wife against his protest, and the absolute right to hold him personally liable therefor, even though they may be colluding with the wife to financially embarrass him; in short, that they have the right to compel him to support his family from their store against his will. The general rule is that the husband is the one upon whom the family depends for support, and such appears to be the fact in the case at bar. Now, so long as he furnishes the family supplies, we do not think there is any statute in this state which denies him the right to make the necessary purchases of such persons as he sees fit. The laws of this state have greatly enlarged the rights of married women, but we do not think they have taken away the right of a provident husband to supply his family with a support and maintenance in his own way, in cases where the family depends upon him for support. If the goods had been sold without the notice from the defendant, the case would be quite different. The section of the statute under consideration demands no such construction as will

empower a tradesman to promote and aggravate disagreements between husband and wife. The construction claimed for it by appellants would inevitably lead to that result. We think the circuit court correctly determined the question presented for our decision.

AFFIRMED.

ADAMS, J., *dissenting*.—The plaintiff furnished goods which were consumed in the defendant's family as family supplies, and the defendant had the benefit of them. I think he ought to pay for them. He might, of course, forbid merchants to furnish family supplies (not strictly necessaries) on credit, and in cases where he should do so he would be justified in returning the goods and repudiating the purchase. But, where the goods are retained and consumed in his family, I think that he becomes liable to pay for them by implied contract arising under the statute, if not at common law.