A. M. HAGGARD, Appellant, v. W. G. HOLMES et al.

Family Necessaries Defined: LIABILITY OF WIFE FOR. A county history bought by the husband, containing pictures of himself and wife, which, while used by the family and properly classed as for its use and benefit, is not needed by it, is not chargeable upon the wife when she forbids the [purchase and notifies [the vendor that she will not be bound by it. Code, section 2214, and Devendorf v. Emerson, 66 Iowa, 698, construed and applied.

Appeal from Muscatine District Court.—HON W. F. BRANNAN, Judge.

SATURDAY, FEBRUARY 3, 1894.

ACTION to recover the amount due on certain promissory notes given by the defendant W. G. Holmes. His wife and codefendant Hannah Holmes, filed a demurrer to the petition, which was overruled, and then filed an answer, which contained two divisions. A

demurrer of the plaintiff to the second division was overruled. He elected to stand on his demurrer, and judgment was rendered in favor of Hannah Holmes for costs. The plaintiff appeals.—*Affirmed.*

*N. Rosenberger* and *Detwiler & Doran* for appellant.

No appearance for appellee.

ROBINSON, J.—The petition alleges that the defendant W. G. Holmes purchased an atlas or history of Muscatine county, Iowa, with pictures of himself and his wife inserted therein, and that he gave the notes in suit in settlement of the indebtedness incurred by his purchase; that the book was purchased for the benefit of the family of the defendants, and was used and kept for use by the family. In the second division of her answer, Mrs. Holmes alleges that, when the vendor of the book sought to sell it to her husband, she protested to the vendor against the purchase, and notified him that she did not want the atlas, and would not purchase or pay for it; that the vendor induced her husband to take the book, and give his notes for it, against her protest, well knowing that she had refused to sanction or consent to the purchase, with intent to cheat and defraud her, and to compel her to pay for the book from her separate property, under the pretense that the purchase was a family expense. The theory of the plaintiff's demurrer is that the husband, as the head of the family, had the right to incur a family expense, and thereby charge the separate property of the wife, although she objected to the purchase, and refused to consent to it. The pleadings do not show that the book was a family necessity. Something is claimed by the appellant from the ruling of the district court on Mrs. Holmes' demurrer to his petition, but the most that can be said for it is, that it held that the book was an item of family expense, because purchased for, and kept

and used by, the family. It was not held, and the pleadings do not show, that it was a family necessity. We are, therefore, required to determine whether the husband may bind the property of the wife against her will, and notwithstanding her protest, in purchasing an article which is used by their family, and is properly classed as for the use and benefit of the family, but is not necessary for it. Section 2214 of the Code is as follows: "2214. The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." That section was construed in *Devendorf v. Emerson,* 66 Iowa, 698, 24 N. W. Rep. 515, where it was held that family supplies sold to the wife, when the sale had been forbidden by the husband, there being no evidence that there was a necessity for the purchase, were not chargeable upon the property of the husband. Some prominence was given to the fact that, as a general rule, the husband is the one upon whom the family depends for support, and that he was supporting the family in that case, and had the right to decide of whom he would purchase the family supplies; but the decision did not wholly rest upon that fact. We think that the doctrine of that case is applicable to this, and that the husband can not fix a liability, as against the wife, by purchasing articles for the family which are not needed by it, when she has, in effect, forbidden the purchase, refusing to be bound by it, and has duly notified the vendor of that fact. We conclude that the demurrer of plaintiff was properly overruled, and the judgment of the district court is AFFIRMED.