CAPITOL HILL MONUMENT COMPANY, Appellant; v. FRANK G. WELCH et al., Appellees.

**HUSBAND AND WIFE:** Family Expense—Monument. Whether a $300 monument for the grave of a young child is a "family" expense, *quaere.* Conceding it to be such, it is not a "necessary" family expense. But irrespective of the foregoing, a husband is not liable for such expense contracted by the wife after the husband had personally notified the seller that he would not then make a purchase. (Sec. 3165, Code Supplement, 1913.)

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 15, 1921.

SUIT in equity, brought to subject property of the husband, appellee Frank G. Welch, to the satisfaction of a judgment obtained against the wife, Mrs. Frank G. Welch, for the cost of a monument erected by appellant at the grave of the infant daughter of Welch and his wife. Relief was denied, and plaintiff appeals.—*Affirmed.*

*Clarke & Cosson* and *Irving C. Johnson,* for appellant.

*W. R. Lacey,* for appellees.

ARTHUR, J.—The facts are not in dispute. The evidence offered by appellant was contained in a stipulation of facts, stating that appellant obtained judgment against appellee Mrs. Frank G. Welch, in the municipal court of the city of Des Moines, on May 17, 1919, for the sum of $318.10 and costs, on a contract signed by Mrs. Frank G. Welch for the purchase of a monument, to be erected at the grave of the deceased child, a baby two years old, of Frank G. Welch and Mrs. Frank G.

Welch. This judgment was transferred to the district court of Polk County, and thereafter a transcript was filed in the district court of Mahaska County, on the 12th day of June, 1919, and remained unsatisfied. Execution was issued on said judgment, and levied upon the property of Frank G. Welch.

Appellees offered in evidence the contract, and the oral testimony of Frank G. Welch. Welch testified that he had a family, and lived with his wife; that an agent of the appellant's came to his home, and wanted to sell him a monument for the grave of his deceased daughter; that he told the agent that he did not want to buy a monument at that time; that he had not talked of erecting a monument, and wanted to talk about it with his wife before he bought one; that he told the agent that he would not sign the contract; that they were not ready to erect a monument, and that he would not do anything about it then; that the agent wanted to show him designs of monuments, but he refused to look at them, and told the agent that he and his wife had not talked over or thought of erecting a monument, and he would not purchase one until they had talked it over; that this talk was near supper time, and he left the house and went out to do his chores, and left the agent and his wife in the house; that, when he got back to the house, after doing his chores, the agent was just starting away; that, on going into the house, he discovered that his wife had signed the contract for the purchase of a monument at the price of $300; that, the next day, he called upon appellant and asked to have the contract canceled, which appellant refused to do.

The contract provided, "The party making order, to haul foundation material on the cemetery grounds and haul monument from depot to cemetery," and further provided that:

"The title of said property shall remain in the Capitol Hill Monument Company until fully paid for, and in case of default in making any payment due under this contract, it may go upon the lot where the same is located and move same from cemetery."

Appellant did not notify either Welch or his wife when it shipped the monument, and did not ask them or either of them to haul the monument out to the cemetery from the depot, nor ask them to haul foundation materials.

The issues were whether the expense of the monument was

a family expense, for which both the husband and wife were liable, and whether the judgment obtained against the wife could be established as a lien upon the real estate of the husband, and his real estate subjected to the satisfaction of the judgment. The trial court found against appellant, holding that the monument was not a family expense, and that the judgment should not be declared a lien on the real estate of appellee Frank G. Welch, and that the judgment obtained by appellant against appellee Mrs. Frank G. Welch should not be satisfied out of the real estate of Frank G. Welch; and entered judgment for costs against appellant, from which this appeal is prosecuted.

The statute which would make Frank G. Welch liable, on account, for the purchase price of the monument, if at all, is Section 3165 of the Code Supplement of 1913, which reads as follows:

"The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

It is the position of appellant that the expense of the monument placed at the grave of the child of appellees is a family expense, under the provisions of the above quoted section, and that the court erred in not so holding. If the expense of the monument is held to be a family expense, as provided by the statute, then it follows that it is chargeable upon the property of both the husband and the wife, and the levy of the execution upon the property of the husband, issued upon the judgment against the wife for the indebtedness contracted for the monument, should be established as a lien upon the husband's real estate; otherwise not. In support of their position, counsel for appellant cite our holdings that the purchase of a tombstone is a proper expenditure to be made, as a part of funeral expenses to be charged against estates of decedents. *Crapo v. Armstrong*, 61 Iowa 697; *Lutz v. Gates*, 62 Iowa 513; *Mullinnix v. Brown*, 151 Iowa 468.

Counsel argue with much plausibility, and ably, that, in view of the place given a tombstone as a funeral expense, and also in view of the obligation laid upon parents to support their children in life, and give them decent burial after death, and

the fact that funeral expenses and family expenses are, as they insist, practically the same in character, the monument purchased by the wife should be judicially declared to come within the category of family expenses. We think the analogy sought to be made is not sound. There is a vast difference between charges against an estate and items classed as family expenses. The deceased daughter, a baby two years old, in the instant case, left no estate. Appellant demands of the father that he pay for the monument which he refused to contract for and refused to purchase. Welch told the agent of appellant that he would not purchase a monument; that they were not ready to buy. The following day, he sought to have the contract which his wife had signed canceled, and notified appellant that he would not be bound by the order given by his wife.

In the analysis of the question before us, we logically first inquire as to the attitude of the husband, Frank G. Welch, toward buying the monument. He was first approached by appellant's agent, to purchase the monument. If it be conceded that the expense of the monument was a "reasonable and necessary" expense of the family, should the property of Frank G. Welch be chargeable therefor, in the face of his refusal to enter into a contract for the purchase of it, and his prompt notification of the appellant to cancel the order given by his wife, and that he would not be bound by the order? Frank G. Welch was the head of the family, and owned the property, and was entitled primarily to determine when, if at all, a monument should be purchased and erected at the grave of the infant daughter. Welch had some reason to believe that his wife had been imposed upon by appellant's agent in his absence. The record discloses that Welch had it in mind to talk over with his wife the matter of a monument for their infant daughter's grave, some time when they would get around to it. It is frequently the case that a family monument is erected which answers for father, mother, and the children. A $300 family monument for a family of moderate means, or of considerable means, might be considered quite appropriate; and, assuming that Welch, the father, entertained such idea, can he be compelled, against his judgment and will, to pay for this $300 monument made exclusively for the grave of their child? Or, if it was his judg-

ment that a monument should not at that time be erected, or if he calculated that he would be better prepared and able financially at a later time to bear the expense, or if, for any other reason, he did not desire then and there to purchase, did he not have a right to control that matter? Must his property be subjected to the cost of a monument which he, at the dictation of appellant, positively refused to purchase? We hold that appellee is not liable under such conditions. Supporting, see *Devendorf & Mann v. Emerson*, 66 Iowa 698; *Haggard v. Holmes*, 90 Iowa 308.

If it be conceded that the monument involved is a family expense, is it a "necessary" expense of the family? It must be, under the statute as it now reads, to charge the property of Welch with the cost of the monument. We doubt its being a family expense; but by no reasonable construction of the statute could it be held to be a "necessary" expense of the family.

We arrive at the conclusion that the decree and judgment of the court below were correct, and they are affirmed.—*Affirmed.*

Evans, C. J., Stevens and Faville, JJ., concur.