## SMEDLEY v. FELT ET AL.

1. **Husband and Wife:** FAMILY EXPENSES. For debts incurred for family expenses, the husband and wife are jointly and severally liable, and may be sued together or either sued alone.

2. ————: LIFE INSURANCE. The proceeds of a policy of insurance upon the life of the husband or wife are not exempt from the debts of the survivor, after the proceeds shall be realized.

*Appeal from Black Hawk District Court.*

FRIDAY, JUNE 16.

THE plaintiff recovered a judgment against defendant, Jennie E. Felt, for the value of a piano purchased by her husband for and used by the family of defendant. It was held that the purchase of the piano was a family expense, and that defendant was liable therefor under Code, § 2214. This judgment was affirmed in this court; see 41 Iowa, 588.

The defendant Gates was garnished upon this judgment, or upon an attachment issued in the action, and in his answer admits that he holds a sum of money, being part of the proceeds of an insurance upon the life of E. E. Felt, deceased, husband of Jennie E. Felt, to be paid to the legal representatives of the husband. The defendant, Jennie, filed a petition setting out the notice of the indebtedness upon which the judgment was rendered, and the source from which the money in the hands of the garnishee was derived, and claiming that it was exempt from the judgment. A demurrer to this peti-

tion was sustained, and judgment entered thereon holding the money in the hands of the garnishee subject to plaintiff's judgment. The defendants appeal.

*Boies, Allen & Couch,* for appellants.

*George Ordway,* for appellee.

BECK, J.—I. The defendants insist that the judgment was not rendered for a debt of Mrs. Felt, but for the debt of her deceased husband. As the debt was contracted by the husband, she, it is claimed, is not liable as a debtor, but is liable under the statute, Code, section 2214, which creates a charge upon her property for the indebtedness of her husband. We held, when the case was here before, that she was jointly liable with the husband; and the indebtedness, which was contracted for family expenses, was the debt of both husband and wife. See 41 Iowa, 588. This view is undoubtedly in accord with the statute just cited, which provides that for debts incurred for family expenses the husband and wife may be sued jointly or severally. The point now under consideration has, therefore, been determined in this case by us adversely to the position of defendants.

*1. HUSBAND and wife: family expenses.*

II. Regarding the claim for which judgment was rendered as based upon the indebtedness of Mrs. Felt, we are next to inquire whether it may be satisfied out of the proceeds of an insurance upon the life of her late husband. The exemption of the money, as claimed by defendants, can only exist by force of a statute, and they insist that it is provided for by Code, section 1182, which is as follows: "A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband, or wife and children of said individual, independently of his or her creditors; and an endowment policy, payable to the assured on attaining a certain age, shall be exempt from liability for any of his or her debts." It will be readily seen that this provision does not exempt the pro-

*2. ——: life insurance.*

ceeds of life insurance, when recovered by the surviving husband or wife, from his or her debts. The exemption provided extends only to the debts of the party insured—not to the one receiving the money, or the husband or wife of the one upon whose life the policy was issued. The proceeds of endowment policies are also exempt from the debts of the assured, but if the money should reach the hands of his representatives, they become subject to their debts. The language of the statute admits of no other construction; it cannot be made plainer by discussion.

Code, § 2372, provides that "the avails of any life insurance are not subject to the debts of deceased, except by special contract or arrangement, but shall in other respects be disposed of like other property left by the deceased." But this provision is not applicable to the case before us for the reason that the money is sought to be subjected to defendant's debt, not to the debt of her husband.

No other objection is made to subjecting the money in the hands of the garnishee to plaintiff's judgment.

AFFIRMED.