## MURRAY v. WELLS.

1. **Life Insurance**: PROCEEDS OF: EXEMPTION. The proceeds of a policy of life insurance are not exempt from the debts of the beneficiary. When the amount of such policy descends to the wife and children of the insured, under section 1182 of the Code, it becomes subject to their individual debts, the same as any other inheritance.

*Appeal from Jefferson Circuit Court.*

WEDNESDAY, APRIL 7.

THIS is a proceeding in the probate court to charge defendant, as administratrix, with the value of a "paid up" policy

of insurance held by the intestate upon the life of another. The Circuit Court rendered judgment for defendant; the plaintiff appeals. The facts of the case are stated in the opinion.

*Slagle, Acheson & McCracken,* for appellant.

*Culbertson & Jones,* for appellee.

BECK, J.—I. A. S. Wells obtained an insurance upon his life for the benefit of his wife, who subsequently died. Her

1. LIFE insurance: proceeds of: exemption.
other heirs united in an assignment of all their interest in the policy to a son of the assured and deceased, John H. Wells, who subsequently died. A "paid up" policy was thereupon issued to plaintiff, as the administratrix of John H. Wells, for the value of the original policy at his death. A. S. Wells, the assured, is yet living, at the age of eighty years. The plaintiff insists that the "paid up" policy is assets of the estate of John H. Wells, deceased, and defendant maintains that it is exempt from the debts of the estate.

The "paid up" policy is a chose in action, collectible at the happening of a certain event, the death of the assured. It is property that constitutes assets of the estate, if it is not exempt from the debts of the intestate. Whether it be exempt is the only question involved in this appeal.

II. In our opinion, this case is within the rule of *Smedley v. Felt et al.,* 43 Iowa, 607. In that case it was held that the avails of a life policy were not exempt from debts of the wife. The wife, under Code, § 1182, is a beneficiary of a policy of insurance upon the life of her husband. To the extent of her right, she has the same interest as an assignee of the policy. The children of the assured are likewise beneficiaries. John H. Wells held the policy, in this case, in his own right, as a son and heir of the original beneficiary, and as assignee of his co-heirs. He acquired the same right

that his mother held in the policy, and no other or greater. The mother, as the beneficiary named in the policy, had no higher right than the wife and children of the assured hold under Code, § 1182. Now, in *Smedley v. Felt et al.*, we have held that under this section, and section 2372, the avails of an insurance upon the life of the husband are not exempt from the individual debts of the wife. It follows that the avails of the policy in question are not exempt from the debts of J. H. Wells, the beneficiary therein, who takes the place of the mother, and holds no other rights than those to which she was entitled. This conclusion is clearly in harmony with Code, § 2372, which provides that "the avails of any life insurance are not subject to the debts of deceased, except by special contract or arrangement, but shall, in other respects, be disposed of like other property left by the deceased." The person described by the term "deceased" is the assured, not the beneficiary. The contrary interpretation would permit a debtor to invest his means in policies upon the lives of others, and thus defraud his creditors. The object of the statute was to encourage and protect provisions for families, by means of insurance upon the life of the heads of the families, or person making such provisions. It was not intended to exempt the avails of life policies from the debts of the beneficiaries therein. The judgment of the Circuit Court is

REVERSED.