IN THE MATTER OF THE ESTATE OF ELIZABETH P. CONRAD, Deceased.

Life Insurance: POLICY: CONSTRUCTION: DEATH OF BENEFICIARY: INTEREST OF HEIRS. A policy of life insurance was, by its terms, payable to a beneficiary named therein, or to her "legal representatives," upon the death of the insured; or, if the beneficiary was not then living, to her children, or to their guardian. The only child of the beneficiary died, leaving two children; and thereafter, but before the death of the insured, the beneficiary died. *Held*, that, upon the death of the insured, the insurance did not become a part of the assets of the estate of the beneficiary, but passed to the grandchildren by the law of descent.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

MONDAY, OCTOBER 16, 1893.

THIS case involves the right of S. E. Nixon and another, who are creditors of the estate of Elizabeth P. Conrad, deceased, to payment of their claims from the avails of a life insurance policy upon the life of the husband of the deceased. The district court decided that said fund did not belong to the estate of the said Elizabeth P. Conrad, and from that decision the claimants appeal.—*Affirmed.*

*A. M. Antrobus*, for appellants.

*Newman & Blake*, for appellee.

ROTHROCK, J.—The facts necessary to determine the rights of the parties are as follows:    On the third day of February, 1877, John Conrad procured from the Connecticut Mutual Life Insurance Company, a paid up policy on his life, for the sum of four hundred and forty-nine dollars.    The said policy was in these words:

"This policy of insurance witnesseth, that the Connecticut Mutual Life Insurance Company, in consideration of the representations and declarations made to them in the application for this insurance, and of the sum of one hundred and seventy-five dollars, receipt whereof is hereby acknowledged, do hereby insure the life of John Conrad, (the insured,) for the term of his natural life, in the sum of four hundred and forty-nine dollars, for the sole use and benefit of Elizabeth P. Conrad (the assured), wife of said insured; the sum to be paid at the office of this company in Hartford, Connecticut, to the said assured or her legal representatives, within ninety days after due notice and satisfactory evidence of the death of said insured during the continuance of this policy; or, if the said assured be not then living, the said sum shall be payable as above to her children, or to their guardian, if under age.    That this policy shall not be assigned; but the same may be surrendered to this company and discharged at any time by the assured if living, and after her death by the beneficiary hereof, under the statutes of Connecticut."

At the time the said insurance was effected, Conrad was forty-two years old, and his wife Elizabeth P. Conrad, and one child, named Lilly Conrad, were living.    The daughter married one Parsons, on February 2, 1883.    She died in February, 1888, leaving two children surviving her.    Elizabeth P. Conrad died March

23, 1890. John Conrad died May 4, 1891. All of said persons died intestate. C. B. Parsons was appointed guardian of the children of Lilly Conrad Parsons, deceased, on the third day of June, 1891, and he was appointed administrator of the estate of Elizabeth P. Conrad on July 10, 1891. The insurance company paid the amount of the insurance to the administrator and guardian and he receipted for the same both in his capacity as guardian and administrator. The demands presented by the creditors, and for the payment of which it is claimed the insurance money should be appropriated, are for medical attendance to Elizabeth P. Conrad and for her funeral expenses.

The ultimate question for determination upon the foregoing facts is whether the proceeds of the policy are part of the estate of Elizabeth P. Conrad. If assets of her estate, there can be no doubt that the money is liable for her debts. *Smedley v. Felt*, 43 Iowa, C07; *Murray v. Wells*, 53 Iowa, 256. The district court held that the fund did not belong to the estate of Elizabeth P. Conrad. We think that the holding was right. It is expressly provided in the policy that, if the assured be not living at the time the policy becomes payable, the amount thereof shall be payable to her children. There was no authority to make payment to the administrator of her estate in any event. The clause authorizing payment to "her legal representatives" does not mean payment to their administrator. It contemplates payment to some legal representative appointed by the wife to receive the money for her. There can be no other meaning attached to the expression "legal representatives," because it is expressly provided that, if the assured be not then living, payment shall be made to the children or their guardian. "Legal representative," in the broadest sense, means one who lawfully represents another in any matter whatever. Anderson's Law Dictionary, 883. As Mrs. Conrad died before her

husband, and by her death all her interest in the policy was extinguished, the creditors of her estate have no claim upon the fund.

But it is insisted that as there were no children living at the time of the death of Mrs. Conrad, or when the policy became payable, the fund did not pass to the grandchildren, because they are not named as beneficiaries. In such case it should be the policy of the law to dispose of the fund according to the law of descent. The case of *Insurance Co. v. Palmer*, 42 Conn. 60, is in all its essential facts like the case at bar, and it was there held that a transmissible interest vested in the children upon the issuing of the policy, and that the child of the deceased child took by descent the interest of its parent, and was entitled to a portion of the fund which the parent would have received if living.

Counsel for the appellants cites us to the case of *United States Trust Co. v. Mutual Benefit Life Ins. Co.*, 115 N. Y. 152, 21 N. E. Rep. 1025, where, in a case much like that at bar, it was held that the grandchildren did not take any interest in the policy, nor the fund arising therefrom. Our examination of this and other cases cited leads us to a different conclusion. We think that, as the wife was not living when the policy matured, the money due thereon was no part of her estate, and that, as the children were named in the policy as beneficiaries, the fund passed down the line of descent to the grandchildren. It seems to us that this conclusion accords with the spirit of our laws upon life insurance. It is a provision made for the family, and is exempt from the payment of the claims of creditors of the insured. Code, section 1182. As the wife in this case did not live to acquire any right to the fund, it is surely in accord with the intent of the assured that it should pass to the grandchildren by the law of descent.

The judgment of the district court is AFFIRMED.