W. F S. MURDY, Appellant, v. FRANK P. SKYLES AND
ANNA S. SKYLES.

**Exemption of Insurance Money:** CONSTRUCTION OF POLICY AND
STATUTE. Where an insurance policy carried by a husband pro-
vides that in the event of his total disability one thousand five
hundred dollars shall be paid to him, and, in the event of death,
to his wife, and the husband becomes totally disabled, and the
money is paid to him, and is by him given to his wife, the fund
is not exempt to the wife, under Code, section 1182 (amended by
Twenty-fourth General Assembly), providing that "the avails of
all policies of insurance on the life of any individual, payable to
his surviving widow, shall be exempt from liabilities for all
debts of such beneficiary contracted prior to the death of the
assured." Especially, where the debt sought to be enforced is the
joint and several debt of the husband and wife.

PERSONAL PRIVILEGE: *Husband and wife.* In an action against a
husband and wife, aided by garnishment, where they jointly
plead that the money in the hands of the garnishee is the prop-
erty of the wife, the wife cannot claim the money as exempt to
her husband. The right to claim insurance money as exempt in
a husband is, purely, his personal privilege.

WAIVER BY CONTRACT. An agreement by one insured against total
disability to pay a physician for medical services out of the avails
of such policy is legal and defeats the exemption from debts of
the insured given to insurance money by Code, section 1182.

**Evidence:** PAROL VARIANCE. Parol evidence of an agreement to pay
a physician for medical services out of the avails of an insurance
policy is not inadmissible on the ground that it would vary a note
given in payment for such services.

FRAUD. Such evidence is, at all events, admissible where the maker
of the note alleges that it is void for being obtained by fraud and
duress. Void writings, alone, may not be thus varied.

**Insurance:** CONSTRUCTION OF POLICY. A certificate of membership
in an organization which promises to pay the member a specified
amount in case of his total disability, or a like amount to his
wife in case of his death, will be treated as an ordinary contract
of insurance against death and a total disability from whatever
cause, and not simply as a contract of accident insurance.

**Family Necessaries:** DOCTOR BILL OF HUSBAND. A claim for medical services rendered the husband is a family expense, for which the husband and wife are jointly and severally liable.

*Appeal from Lee District Court.*—Hon. A. J. McCrary, Judge.

### Friday, April 9, 1897.

APPEAL from an order of court discharging the German-American Savings Bank as garnishee in the above-entitled case.—*Reversed.*

*T. B. Snyder* and *J. D. M. Hamilton* for appellant.

*Craig & Harrington* for appellees.

Deemer, J.—Plaintiff, who is a physician and surgeon, commenced this action against the defendants, who are husband and wife, to recover compensation for medical services rendered the husband, claiming that said services were a family expense chargeable upon the property of both husband and wife. In aid of his suit, he sued out a writ of attachment and caused the German Savings Bank to be garnished. The bank, in answer to the process, stated that it was indebted to defendant, Anna Skyles, in the sum of about four hundred dollars. The defendant, F. P. Skyles, in his answer admitted that he employed plaintiff to examine him on two occasions as a prerequisite to obtaining aid from an organization known as the "Brotherhood of Locomotive Firemen," and admits an indebtedness of ten dollars. And the defendants jointly pleaded a counter-claim for damages upon the attachment bond given by plaintiff, based upon allegations that the attachment was wrongfully sued out, and that the money in the hands of the bank was exempt as the avails of a certain policy

of insurance issued to F. P. Skyles. The plaintiff, in reply, denied the allegations of the counter-claim, and further pleaded that he and defendant, F. P. Skyles, made an arrangement or agreement by which plaintiff's bill should be paid out of the indemnity or insurance money. Thereafter defendants filed a motion to dissolve the attachment and discharge the garnishee on the ground that the money held by the bank was exempt from seizure under attachment or execution. This motion was supported by an affidavit to the effect that F. P. Skyles was injured in a railway wreck, and that for the disability incurred he drew from the Brotherhood of Locomotive Firemen one thousand five hundred dollars, which was deposited in the bank by his wife, who, he says, was the beneficiary under the policy. The affidavit also recites that Skyles was totally disabled, and that the money paid him was all he had to live on. Attached to this motion was a copy of the certificate of membership or policy of insurance issued by the Brotherhood of Locomotive Firemen, which, so far as material, reads as follows: "This certificate issued by the Grand Lodge of the Brotherhood of Locomotive Firemen, witnesseth: That Brother F. P. Skyles, a member of Nauvoo Lodge, No. 391, of said order, located at Fort Madison, Iowa, is entitled to all the rights, privileges, and benefits of membership, and to participate in the beneficiary department to the amount of fifteen hundred dollars, which amount, in the event of his total disability, shall be paid to him, or in the event of his death, to Anna F. Skyles, his wife, whose residence is Fort Madison, Iowa. This certificate is issued on condition that said F. P. Skyles shall comply with all the laws, rules, and regulations of the order while a member of the same; otherwise, this certificate shall be canceled and become null and

void." This motion was submitted in connection with the pleadings in the case, and was by the court sustained. The appeal is from the ruling on this motion.

The questions presented involve a construction of section 1182 of the Code, which is as follows: "A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his or her creditors; and an endowment policy, payable to the assured on attaining a certain age, shall be exempt from liability for any of his or her debts." This section was amended by the Twenty-fourth general assembly as follows: "And the avails of all policies of insurance on the life of any individual, payable to his surviving widow, shall be exempt from liabilities for all debts of such beneficiary contracted prior to the death of the assured; provided, that in any case the total exemption for the benefit of any one person under the provisions of this section shall not exceed the sum of $5,000.00" Appellee claims that, under the facts shown, the avails of the certificate which we have just set out are exempt, under this statute and the amendment thereto. The certificate issued to defendant F. P. Skyles gave him membership in an organization which promised to pay him, in the event of his total disability, the sum of one thousand five hundred dollars, or, in the event of his death, a like sum to his wife. The record does not clearly disclose the character of the organization which issued the certificate, but, from the allegations in the pleadings, and the proofs offered, we must presume that it is an insurance company, and that it agreed to pay indemnity to the persons named in the event of the death or total disability of the assured. The contract is, then, to all intents and purposes, a policy of insurance on the life of Skyles,

and it is also a contract of indemnity in which the assurer agrees to pay a certain sum in the event of the total disability of F. P. Skyles. Appellant's counsel say that it is a contract of accident insurance, but there is nothing in the record which so shows, and we must treat it as an ordinary contract of insurance against death and total disability, from whatever cause. Payment under the policy, however, is to be made upon two separate and distinct contingencies,— one the death of the assured, and the other his total disablement—in the former case to the wife of the assured, and in the latter to the assured himself. Appellant contends that, as the payment was made upon the latter contingency, the statute in question does not apply, for the reason that it was not made upon a life insurance policy. In view of what follows, we do not find it necessary to consider this question. The statute says, in effect, that a life insurance policy shall inure to the separate use of the wife and children of the assured, independent of his debts. Now, we have frequently held that section 1182, before its amendment, did not exempt the avails of a policy of insurance from the debts of the beneficiary, when such beneficiary is a person other than the assured. *Murray v. Wells*, 53 Iowa, 256 (5 N. W. Rep. 182). *Smedley v. Felt*, 43 Iowa, 607. The amendment to the statute was to meet these decisions, but as we shall hereafter see, it does not apply to the facts of this case. If by any process of construction it could be held that the money was exempt to the assured, yet it does not follow that the motion was correctly sustained. The facts are that the money was deposited by the defendant Anna Skyles, the garnishee answered that it was indebted to her and not the insured, and the defendants pleaded that the money was and is the property of the wife. F. P. Skyles is not, therefore, claiming

the property as exempt to him, and it is well settled that his wife cannot claim the money as exempt to her husband under the facts disclosed by this record. The right is purely personal, and cannot, ordinarily, be transmitted by sale or gift. Thompson, Homest. & Ex., section 870.

But if it be conceded that the wife can claim the exemption for her husband, the question yet remains, can she claim it as exempt from debts of her own? This action was brought against both the husband and wife to recover the amount of a claim for medical services rendered the husband. Now, we have held that such a claim is a family expense, for which the husband and wife are jointly and severally liable. *Smedley v. Felt*, 41 Iowa, 588, 43 Iowa, 607; *Schrader v. Hoover*, 80 Iowa, 243 (45 N. W. Rep. 734). Unless, then, there is some statute which exempts the funds in her hands, it should be subjected to whatever judgment plaintiff may recover against her. We have already seen that the statute, as it stood before the amendment was made, did not exempt the funds in the hands of the wife from her individual debts. We come, then, to a consideration of the amendment of the statute. This, as we have seen, exempts the avails of all life insurance policies payable to the surviving widow from all debts of the beneficiary contracted prior to the death of the assured. To meet the requirements of this statute, it must be shown that the assured is dead, that the widow was the beneficiary, and that the debts were contracted prior to the death of the assured. None of these matters are established in this case. On the contrary, it appears that the assured is still alive, that he and not his wife was the beneficiary, and that the money was actually paid to the assured. It needs no argument to show that the case does not fall either within the language or intent of this amendment. It is said,

however, that plaintiff's action is upon a note executed by F. P. Skyles alone, and that the rule we have announced should not obtain. This argument is based upon a misconstruction of the petition. It clearly recites a cause of action against both defendants for services rendered the husband, and the note is but incidentally mentioned. The action is not upon the note.

One other point in the case is conclusive against appellees. It is alleged in the reply that at the time defendant Skyles employed the plaintiff, he (Skyles) agreed to pay plaintiff the amount of his claim out of the avails of the insurance policy. Such an agreement, if made, is legal under the statute, and operates to defeat exemption. Appellee says, in answer to the claim, that, as the agreement was oral, it cannot be proven, for the reason that the contract between the parties was in writing. This alleged contract is an ordinary negotiable note for the sum of two hundred dollars signed by F. P. Skyles, executed some time after the original contract, and made payable to J. C. Brewster. It appears however, that the payee named was simply a trustee, and that the note was really for the benefit of and belonged to appellant. We have already seen that the action is not upon the note; hence the appellee, in the contention he makes, is relying upon a rule of evidence rather than of pleading. This rule is the familiar one that parol evidence is not admissible to vary, change, or modify the terms of a written contract. The question then arises, would such evidence violate this rule? We do not think it would. Evidence as to such an agreement would not vary, change, or modify a single word of the note. The two contracts might co-exist, and neither would infringe upon the other. It is well settled that a contract may rest partly in writing and partly in parol, and that in such cases extrinsic evidence

is admissible to establish that part which is not in writing. It is clear, we think, that the court was in error in refusing to give force and effect to the alleged agreement with reference to the disposition of the avails of the policy.

Another reason why the appellees' contention is not sound is found in the fact that F. P. Skyles pleaded that the note for two hundred dollars was obtained through fraud and duress, and was for that reason void and of no effect.

The district court was in error in sustaining the defendants' motion to dissolve the attachment, and its order and judgment is REVERSED.