## Clement, Bane & Co. v. L. F. Houck, Appellant.

Defenses to Note: VARIANCE BY PAROL CONTEMPORANEOUS AGREEMENT. In a suit on a note the defense was that prior to the giving of the note the maker had agreed to purchase goods from plaintiff on an understanding that, if the goods proved unsaleable in defendant's territory, he should have a right to return them at their purchase price, and that a portion of them were unsaleable, and had been tendered to plaintiff. *Held*, that evidence to substantiate this defense, *as a defense*, was properly excluded, as parol evidence contradicting the terms of the note, the same having been payable in money, not goods.

DEFENSE AND COUNTERCLAIM. While this is true, it was error to exclude this evidence when offered to substantiate a counterclaim which set up the same facts. Such evidence cannot vary the note, but is admissible to establish a cause of action against plaintiff which operates as a payment of his note.

Settlement by Note: EVIDENCE HELD NOT TO ESTABLISH. In a suit on a note defendant set up as a counterclaim that prior to the giving of the note he had agreed to purchase certain goods of defendant on an understanding that. if the goods proved unsaleable in his territory, they might be returned at their purchase price, and that the goods so purchased had proved unsaleable, and been tendered plaintiff. The goods were purchased in the fall, and could not be offered for sale until spring. The note was given in February following and was on demand, and defendant claimed that his rights under the agree-

ment were expressly reserved at the time the note was given. *Held*, that there was nothing to show a waiver or settlement of the agreement, precluding defendant from relying on the agreement as a counterclaim.

**Subsequent Agreement:** BURDEN OF PROOF: *Evidence introduced out of order.* In a suit on a note, defendant set up as a counterclaim that he had delivered a note, secured by chattel mortgage to plaintiff as security for the note in suit, under an agreement that the note and mortgage should be returned when the indebtedness to plaintiff was reduced to $1,200 or $1,500; that the indebtedness had been reduced to less than $1,200, and plaintiff refused to return the note and mortgage; wherefore defendant demanded judgment for the value thereof. Defendants replying, admitted such agreement, but alleged that it was subsequently agreed that the security should be held for the entire indebtedness, upon which allegation plaintiff had the burden of proof. Defendant rested without offering any evidence in regard to the counterclaim, and plaintiff offered evidence tending to show the subsequent agreement, whereupon defendant offered evidence tending to show the financial condition of the makers of the note and mortgage, and the value of the property covered by the mortgage. *Held*, that defendant if there had been no subsequent agreement, was entitled to a judgment for the value of the security, and hence it was error not to admit his evidence as to the value of the note and mortgage, though it was offered out of order, no objection on that account having been interposed.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

FRIDAY, APRIL 12, 1901.

ACTION to recover a balance due upon a promissory note executed by the defendant to the plaintiff February 9, 1898. The defendant answered, admitting the execution of the note, and that, but for the matters set up as defense, the amount claimed would be due thereon. He pleads as a defense that during the month of August, 1897, plaintiff and defendant entered into an oral agreement as follows: "That said defendant agreed to purchase and plaintiff agreed to sell to defendant, a large quantity of ready made clothing, at prices then and there agreed upon; that as

a part of said contract of purchase and sale it was agreed that said defendant should expose said goods for sale in his store at proper seasons, and should make an earnest effort to sell the same; that if, after such exposure for sale and effort to sell the same, it should be ascertained that said goods, or any portion thereof, were unsalable at a profit to defendant, or were unsuited to the trade of the locality or territory in which the defendant was doing business, the defendant should have the right to tender back the goods so found to be unsalable, or unsuited to the defendant's trade, and that the plaintiff would receive the same at the same price at which they were originaly sold by the plaintiff to the defendant." He alleges that he exposed the goods for sale, that a portion, amounting to $803.75, was unsalable, and unsuited to the trade of the territory, that within a reasonable time he notified plaintiff of that fact, of his desire to return the goods, and about March 9, 1899, offered to return said goods. That at the time of the tender, and ever since, he has been ready, able and willing to deliver said goods to plaintiff, and holds the same subject to the orders of the plaintiff, wherefore he denies that he is indebted to the plaintiff as claimed. He pleads as a counterclaim the same oral agreement and offer to perform the same upon his part, and that he has at all times been ready, willing, and able to deliver the goods to the plaintiff, and holds the same subject to the order of the plaintiff. Wherefore he claims that he is entitled to receive credit on said note in the sum of $803.75, with interest. As a further counterclaim he alleges that he delivered a certain note of George W. and Carrie Alexander, for $1,250, secured by chattel mortgage, as collateral security to the note in suit, under an agreement that said note and mortgage would be returned when said indebtedness to plaintiff was reduced to $1,200 or $1,500; that it has been reduced to less than $1,200, and that plaintiff refuses to return said note and mortgage, wherefore defendant prays judgment for the return of said note and mortgage, or for the value thereof.

Plaintiff. in reply to the defense pleaded, denies that an oral agreement was entered into as alleged, or that such an agreement was performed by the plaintiff. In reply to the first counterclaim, plaintiff denies that an agreement was entered into as alleged, and denies that the defendant offered to perform such an agreement. As a further reply, plaintiff alleges that at the time the note in suit was given there was a full and complete settlement of these transactions, and that said note was given for the balance then found due. In reply to the second counterclaim, the plaintiff admits that said note and chattel mortgage were turned over as collateral security on the terms alleged, but avers that it was subsequently agreed that the same should be held as collateral security for the entire indebtedness of the defendant to the plaintiff. At the close of the evidence the plaintiff moved to withdraw the defense and both counterclaims, and for judgment on the note sued upon. The jury, as instructed by the court, found for the plaintiff in the sum of $788.49, and found that the plaintiff is entitled to the possession of the note and chattel mortgage, and also found for the plaintiff on the first counterclaim. Judgment was rendered accordingly and defendant appeals.—*Reversed.*

*Jesse Gouge* and *H. Loomis* for appellant.

*W. L. Crissman* and *L. P Main* for appellee.

GIVEN, C. J.—I.   On the trial the defendant offered to prove that the alleged oral agreement was entered into at the time he purchased the goods; that he exposed and offered the goods for sale at the proper season, and that said goods proved to be unsuited for the trade supplied by him.   That, after diligent effort to sell the same at a reasonable profit, he offered to return said goods to the plaintiff,and packed and set aside the same, and has since held them subject to the order of the plaintiff.   That the price of said goods, as charged to defendant, was $803.75.   Defendant also offered

to prove that at the time he gave the note in suit he expressly reserved his rights under said agreement. To these offers plaintiff objected as seeking to vary by parol the terms of the note, and the objection was sustained. Under a well-established and undisputed rule of law this evidence was not admissible to vary or contradict the terms of the note, and therefore not admissible in support of the defense plead. The note is payable in money, not in goods; and to entertain this defense as such, and to admit the evidence in support thereof, would clearly vary the terms of the note by making it payable in goods, instead of money. There was no error in excluding this evidence, so far as the alleged defense is concerned, nor of withdrawing the defense from the consideration of the jury.

II. We now inquire whether the defendant was entitled to introduce the offered evidence in support of his first counterclaim. His counterclaim shows a cause of action against the plaintiff for a money recovery, which he is entitled to have set off against the amount due to the plaintiff, unless, by giving the note in suit, he has waived said right. Ordinarily, giving a promissory note on account of a transaction creates the presumption that all matters connected with that transaction have been settled; but this presumption is not conclusive, but may be overcome. As tending to overcome this presumption, we have the alleged agreement and facts that the goods were purchased in the fall of 1897, and that the note was given February 9, 1898, before defendant had the opportunity to expose the goods for sale in the proper seasons, namely, in the spring and summer, according to the alleged agreement. The note was given before the time had expired in which it could be known what goods there would be to return, and before the time had expired in which they might be returned. Defendant had until the fall of 1898 to say what goods offered in proper season were unsalable, yet, the note was due on demand, and we may infer that demand

was made as early as April 5, 1898, as a payment of $250 was made on that day. Surely, these facts, taken in connection with the alleged agreement, tend to show that rights under that agreement were not settled nor waived at the time the note was given. If it is true, as defendant offered to prove, that his rights under the agreement were expressly reserved at the time the note was given, then there was neither waiver nor settlement of those rights. It is insisted that this evidence is not admissible, because it varies the terms of the note. Defendant, in this counterclaim, does not question the plaintiff's right to a money judgment for a balance due on the note, but he is in the attitude of saying that, because of the matters alleged in the counterclaim, that they have neither waived nor settled, the plaintiff owes him a sum of money, which he asks to have set off against that confessed to be due to the plaintiff. If these rights were not waived nor settled, then the defendant has a cause of action against the plaintiff, the enforcement of which as a set-off does not vary the terms of the note, though it may operate as any other rightful set-off would,—as a partial or total payment of the amount due to the plaintiff. In *Aultman v. Wheeler*, 49 Iowa, 647, the action was upon two promissory notes given in renewal of prior notes with additional security. The debt was for a threshing machine purchased under a warranty. Defendants claimed that when they gave the notes they notified plaintiff that they would not waive their right to damages for a breach of the warranty. This court said: "If, then, then parol agreement sought to be shown in this case would have had the effect to contradict the notes, we think that the ruling of the court that such agreement could not be shown, was correct. But the defendant's claim for damages, if they had sustained any, was of itself a cause of action. They may be considered, therefore, as admitting that their debt to the plaintiffs is truly evidenced by the notes, but claiming that the plaintiffs are ndebted to them by reason of their agree-

ment in the warranty which they have not performed." In *Murdy v. Skyles,* 101 Iowa, 549, it was held that parol evidence of an agreement to pay a physician for medical services out of the avails of an insurance policy is not admissible on the grounds that it would vary a note given in payment for such services. We conclude, without further citations, that the court erred in excluding this offered evidence in support of the first counterclaim, and in withdrawing that counterclaim from the consideration of the jury.

III. As to the second counterclaim, it will be observed that plaintiff admits that the note and chattel mortgage taken as collateral security were to be returned to the defendant when his debt was reduced to $1,200 or $1,500, and that plaintiff has not returned said note and mortgage. The balance now claimed on the note is less than $1,200, therefore, if nothing further appeared, defendant would be entitled to the note and mortgage, or their value, if proper demand has been made. The plaintiff alleges as the reason why the note and mortgage have not been and should not be returned, that it was subsequently agreed that they should be held as security for the entire indebtedness. The defendant rested without offering any evidence with respect to this counterclaim, and the plaintiff offered evidence tending to show the alleged subsequent agreement. Thereupon defendant offered evidence tending to show the financial condition of the makers of said note and mortgage, and the value of the property covered by the mortgage, to which plaintiff's objection was sustained. Under the admission as to the original contract with respect to this note and mortgage, and upon proving demand and refusal to return, defendant was entitled to a money judgment for their value, and therefore might properly offer evidence as to th value. That his evidence was offered out of order was not made a ground for excluding it. The burden was upon the plaintiff to show that it had been agreed that this security should be

held for the entire debt. We think the defendant should have been permitted to prove the value of said not and mortgage, and to recover therefor, if demand and refusal were established, unless the plaintiff proved the alleged subsequent agreement. For the errors pointed out, the judgment is REVERSED.